■ In the Matter of the Arbitration between RUTH H. BISCARDI, Respondent, and MARYLAND CASUALTY COMPANY, Appellant.— In a special proceeding under article 75 of the CPLR to confirm an arbitrator's award, the appeal is from a judgment of the Supreme Court, Suffolk County, entered January 24, 1972, which (1) confirmed the award, (2) denied appellant's cross motion to modify the award, without prejudice, and (3) awarded respondent $6,031.51 against appellant. Judgment reversed, on the law, without costs; arbitration award, dated September 16, 1971, vacated; and matter remitted to the arbitrator for proceedings not inconsistent with the views herein set forth. Under the arbitration submission, the arbitrator was required to reduce the initial award by "the amount paid and the present value of all amounts payable on account of such bodily injury under any workmen's compensation law". The opinion of the arbitrator clearly indicates that he failed to follow this mandate. While a sum representing workmen's compensation benefits paid as of the date of the arbitration hearing was deducted, the arbitrator's opinion states: "this Arbitrator can make no reference or reductions with relation to future monies to be paid". Under the circumstances, the record contains the requisite "'clear and convincing extrinsic evidence'" that the arbitrator imperfectly exercised

his powers by refusing to make the required deduction for the present value of future moneys to be paid as workmen's compensation benefits (cf. *Matter of Hennessy* [*MVAIC*], 26 A D 2d 521, 522; 8 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 7511.18). Accordingly, the matter must be remitted to the arbitrator for the purpose of making the required deduction. Latham, Acting P. J., Shapiro, Gulotta, Brennan and Benjamin, JJ., concur.