■ In the Matter of NORTH WARREN CENTRAL SCHOOL DISTRICT, Appellant-Respondent, v NORTH WARREN TEACHERS ASSOCIATION, Respondent-Ap-

pellant.—Cross appeals from an order and judgment of the Supreme Court at Special Term, entered February 1, 1977 in Warren County,, which vacated in part and confirmed in part an arbitrator's award. We have examined the arguments of the parties and agree with Special Term insofar as it confirmed the arbitrator's award. However, we believe that it erred in vacating the award to the grievants Wziontka and La Londe. The school district made no application to stay arbitration of their claim (e.g., *Matter of South Colonie Cent. School Dist. v Longo,* 43 NY2d 136) and submitted the primary issue of whether they were covered by the terms of the collective bargaining agreement to the arbitrator. As a result, his decision is open to the attack made herein only if it was completely irrational and, though we might not agree with it, it cannot be said that the award to those grievants was so ill-founded as to meet that standard, particularly since the relevant contract language was not itself clear and unambiguous *(Rochester City School Dist. v Rochester Teachers Assn.,* 41 NY2d 578). Nevertheless, we accept the district's complaint that the arbitrator exceeded his authority in one respect by directing it to enroll these grievants in an unspecified retirement plan. No such plan or program was mentioned in or insured by the collective bargaining agreement and whether grievants are teachers eligible to participate in legislatively created forms of retirement protection, an issue of statutory construction, is not a matter controlled by that accord. Thus, while the arbitrator possessed authority to extend contract advantages to these grievants, he exceeded his power to the extent of fashioning a remedy for them which went beyond the benefits conferred by that agreement. The order and judgment appealed from should be modified accordingly. Order and judgment modified, on the law, by reversing so much thereof as vacated the award of an arbitrator; award confirmed as to Wziontka and La Londe, except insofar as it directs their enrollment in a retirement plan, and, as so modified, affirmed, without costs. Kane, J. P., Mahoney, Main, Larkin and Mikoll, JJ., concur.