OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
This is a proceeding, brought pursuant to CPLR 7511 (subd [a]), to vacate the award of the arbitrator who, in interpreting the terms of the collective bargaining agreement concluded that sabbatical leaves were mandated by the terms of the agreement, if certain conditions were met, and ordered that petitioner approve sabbatical leaves for grievants. Petitioner argues that pursuant to the terms of the collective bargaining agreement the award was advisory only and that the arbitra *729 tor’s fashioning of ad hoc procedural standards was tantamount to making a new contract for the parties.
Even assuming that the terms of the agreement mandated that the award be advisory only (but see Matter of Yonkers Federation of Teachers v Board of Educ., 44 NY2d 752; Matter of Yonkers Federation of Teachers [Board of Educ.], 46 NY2d 725 [decided herewith]), the submission of the grievance to the arbitrator expressly empowered him to fashion a remedy to resolve the controversy! This stipulation in and of itself, divested the courts of power to inquire into the procedural standards used by the arbitrator in rendering the award (Binghamton Civ. Serv. Forum v City of Binghamton, 44 NY2d 23, 28-29; Rochester City School Dist. v Rochester Teachers Assn., 41 NY2d 578, 582-583).
Of course, that is not to say that the submission by the parties authorizing the arbitrator to resolve the controversy between them gave him the right to fashion any remedy he deemed appropriate. Arbitration awards are always limited by the interdictions of public policy as expressed in the Constitution, statutes or decisional law of the State (Matter of Port Jefferson Sta. Teachers Assn. v Brookhaven-Comsewogue Union Free School Dist., 45 NY2d 898, 899-900; Matter of Susquehanna Val. Cent. School Dist. at Conklin [Susquehanna Val. Teachers’ Assn.], 37 NY2d 614, 616-617). The award rendered here, however, was within public policy limits and not "completely irrational”. The inconvenience or even fiscal hardship it may cause petitioner is academic in the resolution of this dispute (Rochester City School Dist. v Rochester Teachers Assn., 41 NY2d 578, 583-584, supra).
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
Order affirmed.