■   In the Matter of HEMPSTEAD CLASSROOM TEACHERS ASSOCIATION, Respondent, v BOARD OF EDUCATION OF THE HEMPSTEAD UNION FREE SCHOOL DISTRICT, Appellant.—In a proceeding to confirm an arbitrator's award, the Board of Education of the Hempstead Union Free School District appeals from a judgment of the Supreme Court, Nassau County, entered September 14, 1979, which granted the petition, confirmed the arbitrator's award and ordered that the grievant be placed in the position she demanded. Judgment affirmed, with $50 costs and disbursements. Petitioner and appellant were parties to a collective bargaining agreement which called for a multistep grievance procedure culminating in advisory arbitration. As the dispute herein was not resolved at the first three stages of the grievance procedure, the matter was submitted to the final stage, arbitration. At the commencement of the arbitration, the parties stipulated before the arbitrator the following, in order to frame the issue and remedy for arbitration: "Did the district violate Appendices A-1, A-2, and A-3 and the Supplements thereto of the 1975-77 Collective Bargaining Agreement between the Parties: When it refused to place Joan Kennedy on the 17th step of the Masters plus 30 scale of the salary schedule in effect on September 1, 1977? If so, the remedy should be the placement of Joan Kennedy on Step 17 of the MA plus 30 salary guide effective September 1, 1977 with appropriate salary adjustment made retroactively." Ultimately, the

arbitrator found that there had been a violation of the collective bargaining agreement and awarded the relief specified in the aforesaid stipulation. Upon this petition, Special Term confirmed the award and entered judgment thereon. The decision of Special Term was correct. By entering into the stipulation which gave the arbitrator the power to fashion a remedy to resolve the controversy, the parties effectively altered the proceeding from one of an advisory nature into a binding arbitration (see *Board of Educ. v Yonkers Federation of Teachers,* 46 NY2d 727). Lazer, J. P., Gibbons, Gulotta and Cohalan, JJ., concur.