■ In the Matter of the Arbitration between TEAMSTERS LOCAL UNION 693, Respondent, and COVERALL SERVICE & SUPPLY Co., a Division of American Linen Supply Company, Inc., Appellant. — Appeal from an order of the Supreme Court at Special Term (Yesawich, Jr., J.), entered August 8, 1980 in Broome County, which, in a proceeding pursuant to CPLR 7511, vacated an arbitration award. The parties entered into a collective bargaining agreement beginning April 9, 1978 and ending April 8, 1981. Article 6 of the agreement provides that the normal work week will consist of a "guaranteed minimum" of 44 hours in a five-day week and that all hours worked in excess of 40 in any normal work week would be paid at time and one half. Article 8 of the agreement contains the following provisions concerning holidays: "In any week in which a holiday falls, a driver shall be paid their *[sic]* full regular week's wages. *** When an employee starts work on a paid holiday, they *[sic]* shall be paid a minimum of eight (8) hours *[sic]* pay at double time, plus the holiday pay. In week's *[sic]* in which the aforementioned holiday's *[sic]* occur, employees shall receive an additional eight (8) hours *[sic]* pay computed at straight time." Article 16 outlines the procedures governing grievances and arbitration. It provides, in part, that the arbitrator shall not have authority "to add to, modify, detract from or alter in any way" the provisions of the agreement. Finally, article 20 states, in part, that: "No employee shall suffer a reduction of wages, or the loss of any benefits or working conditions higher or more favorable than those contained herein, if such conditions existed prior to the signing of this Agreement." In June, 1979, a dispute between the parties arose concerning holiday pay. As stipulated by the parties, the issue to be arbitrated was: "When a paid holiday falls within a workweek, Monday thru Friday, and the employee has that day off and works four (4) day's *[sic]* effective with the 1978-1981 Contract, what shall the correct pay for the week be, based on the normal work week *[sic]*?" On September 6, 1979, the arbitrator issued the following decision: "When a holiday falls within a workweek, the eight hours observed on a holiday shall be credited towards the normal workweek and computed as time worked." At the request of petitioner, the arbitrator issued a letter which stated, *inter alia,* that: "If a holiday fell on a weekday, an employee will be entitled to 8 hours and 48 minutes holiday pay. The Company would be required to pay time and a half for all work performed by an employee in excess of 35 hours and 32 minutes for the work performed during the week in question." Petitioner thereafter commenced the instant proceeding to vacate the award on the ground that the relief granted by the arbitrator was so imperfectly executed that a final and definite award was not made. In addition, petitioner contended that the award violated article 20 of the collective bargaining agreement which prohibited the reduction of wages higher than those contained in the agreement if such wages were being paid prior to the signing thereof. Respondent cross-moved for confirmation of the award. Special Term granted vacatur of the award and denied confirmation. In its decision, Special Term determined that article 20 of the agreement specifically narrowed the arbitrator's authority. Although noting that the meaning of the award was uncertain, Special Term found that the award directly contravened article 20 of the parties' agreement since it allowed less pay to employees than they had received under the preceding bargaining agreement. It is well established that when an arbitrator is authorized to interpret a contract, his award may be set aside only where it is found to be completely irrational or beyond the scope of arbitration *(Rochester City School Dist. v Rochester*

*Teachers Assn.,* 41 NY2d 578, 582; *Lentine v Fundaro,* 29 NY2d 382, 385; see, also, *Central Sq. Teachers Assn. v Board of Educ.,* 52 NY2d 918, 919). To determine whether the arbitrator exceeded his power, it is necessary to inquire whether the parties' agreement expressly limits the power of the arbitrator *(Pavilion Cent. School Dist. v Pavilion Faculty Assn.,* 51 AD2d 119, app dsmd 42 NY2d 961). Here, Special Term agreed with petitioner that the agreement contains provisions which limit the arbitrator's powers. The first provision, which is found in the article of the agreement entitled "Grievance and Arbitration Procedure", is clearly such a limitation. It provides that the arbitrator shall not have the power to "add to, modify, detract from or alter" the agreement or any supplement thereto. However, the second provision, which states in part that no employee shall suffer a reduction of wages higher than those provided for in the agreement if such wages were being paid prior to the agreement, is not such a limitation so as to rebut the presumption of arbitrability *(Matter of Howard & Co. v Daley,* 27 NY2d 285; see, also, *Matter of Long Is. Lbr. Co. [Martin],* 15 NY2d 380). The provision is not contained in the article of the agreement dealing with grievance and arbitration procedures; rather, it is found in a separate article. Moreover, it contains no unequivocal limitation on the scope of the arbitrator's jurisdiction. Thus, it follows that the scope of the arbitrator's authority was limited only to the extent of precluding addition, modification, or alteration of the contract. Therefore, the remaining issue before this court is whether the arbitrator's construction of the agreement is completely irrational *(Matter of Local Div. 1179, Amalgamated Tr. Union, AFL-CIO [Green Bus Lines],* 50 NY2d 1007; *Pavilion Cent. School Dist. v Pavilion Faculty Assn., supra).* This question, however, cannot be adequately addressed due to the lack of precision of the award. The parties had asked the arbitrator to determine an employee's weekly salary for a four-day work week with an additional observed holiday. The arbitrator never answered this question. The award simply stated that "the eight hours observed on a holiday shall be credited toward the normal workweek and computed as time worked." It made no mention of the manner of such crediting or computation, nor did it specify the weekly pay. Similarly, the letter of clarification stated only that an employee would be entitled to eight hours and 48 minutes of "holiday pay" for every observed holiday and that respondent would be required to pay the employee time and a half for all "work performed" in excess of 35 hours and 32 minutes for that work week. It, too, did not address the amount of weekly pay that an employee would be entitled to receive in such a situation. Accordingly, the award here is so unresponsive to the question posed as to make impossible a final and definite award and should, therefore, be vacated *(Matter of PPX Enterprises [Scepter Records],* 51 AD2d 321; *Matter of Wolff & Munier [Diesel Constr. Co.],* 41 AD2d 618). Order modified, on the law and the facts, by striking the second decretal paragraph thereof and by inserting therein a provision remitting the matter to the arbitrator for further proceedings in accordance with this court's decision, and as so modified, affirmed, without costs. Sweeney, J. P., Kane, Main, Casey and Herlihy, JJ., concur.