In the Matter of PLAINEDGE FEDERATION OF TEACHERS et al., Respondents, v PLAINEDGE UNION FREE SCHOOL DISTRICT, Appellant. — In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the Plainedge Union Free School District to reimburse petitioner Sharon Licht a certain sum representing full sick leave benefits, the district appeals (by permission) from a judgment of the Supreme Court, Nassau County (Smith, J.), dated September 8, 1980, which, *inter alia,* vacated its determination that the grievance presented by Sharon Licht was not arbitrable and directed that the merits of the grievance be submitted to arbitration. Judgment reversed, on the law, with $50 costs and disbursements, and proceeding dismissed on the merits. Petitioner Sharon Licht, joined by the copetitioner teachers' union, objected to a deduction of $600 made from her final paycheck, when she completed a regular (also termed "permanent") substitute assignment for the school semester September, 1977 through January, 1978, in the appellant school district. During that time she had been absent due to illness for 14 days. Petitioners maintained that, pursuant to the collective bargaining agreement, Mrs. Licht was entitled to 11 days annual sick leave and one additional day accumulated in the prior year, when she had been employed as a regular, probationary teacher. She was not rehired in that position because of declining enrollment. Appellant had, instead, credited Mrs. Licht with five and one-half days of sick leave, prorating the annual amount, and refused, initially, to entertain Mrs. Licht's grievance on the ground that she, a "permanent" substitute, was not embraced by the agreement. The matter did, however, proceed, under the third stage of the grievance procedure in the agreement, to advisory arbitration. The school district claimed that the "Recognition" clause (art 1) of the collective bargaining agreement applied only to "full-time teaching personnel" and that regular or "permanent" substitute teachers are excluded from coverage thereunder, including the right to file and process grievances. By agreement of the parties, the *threshold* question, as to whether the position of "permanent" substitute teacher was encompassed within the "Recognition" clause of the contract, and therefore arbitrable, was submitted to the arbitrator for determination. In his award, the arbitrator determined that the "Recognition" clause

of the agreement did not include regular or "permanent" substitute teachers within the bargaining unit. The school district adopted the arbitrator's award, by resolution, as its determination, and petitioners commenced this CPLR article 78 proceeding. Special Term vacated the determination, holding that it was irrational to conclude that the nature of Mrs. Licht's employment, viz., full-time, albeit temporary, teaching, did not bring her under the embrace of the agreement. We do not agree. Where, as here, the disputants agreed to submit to arbitration the specific question concerning the applicability of the "Recognition" clause to the teaching position of a "permanent" substitute and, particularly, whether petitioner Licht was entitled to its various benefits, including the right to file and process a grievance, it is manifest that, by so doing, they charted a course under which the arbitrator was authorized to interpret the terms of the agreement in order to resolve the dispute. Under similar circumstances, it was held in *Matter of Local Div. 1179, Amalgamated Tr. Union, AFL-CIO (Green Bus Lines)* (50 NY2d 1007, 1008-1009) that: "It was error for the Appellate Division to have vacated the award *merely because it disagreed with the arbitrator's interpretation of the parties' agreement*. When an arbitrator has been empowered to *interpret a contract,* the resulting award is not subject to vacatur unless it is totally irrational (e.g., *Rochester City School Dist. v Rochester Teachers Assn.,* 41 NY2d 578, 582; *Matter of National Cash Register Co. [Wilson],* 8 NY2d 377, 383). Parties who agree to refer contract disputes to arbitration must recognize that ' "[a]rbitrators may do justice" and the award may well reflect the spirit rather than the letter of the agreement' (Rochester City School Dist. v Rochester Teachers Assn., supra,* at p 582). Courts may not overturn an award because they believe the arbitrator has misconstrued the apparent, or even the obvious, meaning of the contract *(id.).* Here, the arbitrator, resolving the very dispute submitted to him, interpreted the agreement in light of what he found to be the intent of the parties. In doing so, we cannot conclude that he reached a completely irrational result." (Emphasis added.) In the instant matter, the arbitrator gave rational reasons to support his interpretation of the agreement. He noted that the agreement did not definitively state that a "permanent" substitute was to be included within its scope, and that had the parties intended to include a "permanent" substitute teacher within the scope of the "Recognition" clause, they would have done so. In addition, he found that the bargaining history between the parties revealed prior efforts on the part of the union to include a clause stating that "[p]ermanent substitutes shall be considered to be full members of the teaching staff with all the rights and privileges thereof", a proposal which had not been adopted. Notwithstanding that Special Term may not have agreed with the reasoning of the arbitrator in resolving the dispute, full power to decide the dispute was conferred upon the arbitrator by the parties when they agreed to submit their case to arbitration; and, on this record, there is a rational basis for his conclusions. In describing the broad latitude of an arbitrator's power to resolve the "precise issue" submitted to him by agreement of the parties, the court, in *Central Sq. Teachers Assn. v Board of Educ.* (52 NY2d 918, 919) stated: "The path of analysis, proof and persuasion by which the arbitrator reached this conclusion is beyond judicial scrutiny. The issue resolved having been the issue tendered, and the resolution not being wholly irrational, there is no occasion for judicial intervention." (See, also, *Matter of North Warren Cent. School Dist. v North Warren Teachers Assn.,* 60 AD2d 725.) By entering into an agreement which gave the arbitrator the power to resolve the threshold question concerning the applicability of the "Recognition" clause of the agreement to the position of "permanent" substitute, the parties effectively altered the proceeding from one of an advisory

nature to one of binding arbitration. (See *Board of Educ. v Yonkers Federation of Teachers,* 46 NY2d 727; *Matter of Hempstead Classroom Teachers Assn. v Board of Educ.,* 79 AD2d 709, 710.) Gibbons, J. P., Gulotta, O'Connor and Bracken, JJ., concur.