OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 This appeal arose out of a dispute over whether petitioner Sharon Licht, a permanent substitute teacher, was covered by the collective bargaining agreement between petitioner Plainedge Federation of Teachers and respondent school district, and, if covered, whether she was entitled to full sick leave benefits. Pursuant to the bargaining agreement’s grievance procedure, the dispute eventually proceeded to advisory arbitration. The arbitrator concluded that petitioner Licht was not covered by the agreement, and the district adopted the arbitrator’s decision as its own determination.
 

 Petitioners then brought this article 78 proceeding to challenge the'" district’s action. Special Term vacated the determination as lacking a rational basis. The Appellate Division reversed and dismissed the petition, but on the ground that the parties by their conduct had converted the arbitrator’s award from an advisory to a binding determination. Applying the standard of review appropriate to arbitration awards, the Appellate Division concluded that the arbitrator’s award was not irrational.
 

 The order of the Appellate Division should be affirmed, but on a different rationale. The collective bargaining agreement expressly provided that arbitration awards were advisory only, and the record discloses no conduct by the parties that would have converted the arbitrator’s award to a binding determination. Submitting to the arbitrator the issue of the agreement’s coverage was insufficient to effect such a conversion. Unlike the situation in
 
 Board of Educ. v Yonkers Federation of Teachers
 
 (46 NY2d 727) and
 
 Matter of Hempstead Classroom Teachers Assn. v Board of Educ.
 
 (79 AD2d 709), the parties here did not
 
 *904
 
 stipulate the remedy to be implemented or otherwise grant the arbitrator powers beyond those contained in the collective bargaining agreement.
 

 The appropriate standard of review of the determination of the district, therefore, is that applicable to article 78 proceedings. Under this standard, it cannot be said as a matter of law that the district’s determination was arbitrary or capricious. Its determination, based in large part on “careful consideration [of] the recommendations of the Arbitrator” in accordance with the agreement of the parties (art IX, § 3, 3d Stage, par c) finds support both in the plain terms of the agreement and in the prior bargaining history between the district and union. The determination, therefore, was properly upheld.
 

 Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg, Meyer and Simons concur.
 

 Order affirmed, with costs, in a memorandum.