■ Board of Education, Farmingdale Union Free School District, Respondent, v Farmingdale Federation of Teachers, Appellant. — In a proceeding pursuant to CPLR 7511 (subd [c]) to modify an arbitrator's award, the appeal is from a judgment of the Supreme Court, Nassau County (Murphy, J.), dated March 8, 1982, which, *inter alia,* granted the petition to the extent of modifying the award "to indicate that it is advisory only". Judgment reversed, on the law and the facts, without costs or disbursements, award vacated and matter remitted to the arbitrator for redetermination in accordance herewith. On October 21, 1980, the parties, the Board of Education, Farmingdale Union Free School District (the board), and the Farmingdale Federation of Teachers

(the union), came to an agreement with respect to a collective bargaining contract for the period July 1, 1980, through June 30, 1982. Thereafter, a dispute arose as to whether an increased salary schedule applied to summer school teachers who worked during the summer of 1980. On September 16, 1981, the dispute went to arbitration. As the arbitration hearing proceeded, it became apparent that the parties were unable to agree on the issue to be decided. The union's representative expressed it thus: "Mr. Gaspari: I will simplify the issue as best we can. Did the District violate the 1980-82 contract in its method of calculating the salaries of the summer school teachers employed for the summer school sessions held in 1980 and, if so, what shall be the remedy?" Mr. Guercio, the board's attorney, disagreed. He pointed out that the papers submitted by the union indicated that the issue concerned the past practice between the parties. He summed up his position, as follows: "I respectfully submit that, at best, the issue to be determined here is whether or not the District, in calculating salaries for summer school employees, effective July of 1980, violated some past practice, and, if so, what shall the remedy be?" The arbitrator agreed with the union's formulation of the issue to be decided and stated in his written decision that "[t]he question therefore should be 'did the District violate the collective bargaining agreement' and not whether a practice was improperly discontinued." He then went on under a heading entitled "THE ISSUE", to set forth the following: "Did the District violate Article VIII, G, when it did not calculate the pay for summer school teachers during the 1980 summer session based on the September 1980 salary schedule? If so, what shall the remedy be?" At various points throughout the proceeding, the board's attorney told the arbitrator that his role was advisory only, with no binding authority. He drew the arbitrator's attention to paragraph 4 of section E of article III of the contract which provides, in pertinent part: "The determination and award of the arbitrator or arbitrators with respect to a Contract Grievance shall be final and binding upon the parties. *The arbitrator(s) shall, however, be without authority to make a binding award with respect to retroactive salary.* With respect to Policy Grievances, the determination and award of the arbitrator(s) shall be advisory" (emphasis supplied). The arbitrator found that the union's position on the retroactivity issue was correct. Of importance to this appeal are the final paragraph of the arbitrator's findings and his award, which state as follows: "In its presentation, the Board stated that the arbitrator does not have authority to make a binding award with respect to retroactive salary. That statement is supported by the language of Article III, E, Paragraph 4. It does not, however, say, nor did the District argue, that the arbitrator cannot address the issue of retroactive pay or decide a grievance involving retroactive pay. With that in mind and after a review of the transcript and the record of the hearing, I make the following award. The way in which the parties finally apply the award is for them to decide in accordance with their agreement. AWARD. The District has violated Article VIII, G, in the manner in which it calculated summer school salaries for 1980. The District is directed to calculate these salaries utilizing the salary schedule effective September 1, 1980, just as it has in the past. The difference between the salaries paid teachers in the summer of 1980 and the new figure shall be paid to them as a salary adjustment within a reasonable period of time after the calculations are completed." After the decision was rendered, the board brought a petition, pursuant to CPLR 7511 (subd [c]), to modify the award so as to reflect its "advisory nature". The union cross-moved to confirm the award. Special Term held that: "[t]he language of the agreement is clear and unambiguous and specifically provides that an arbitrator is without authority to make a binding award with respect to retroactive salary * * * This fact is recognized by the arbitrator * * * Notwithstanding the findings of the arbitra-

tor, his award does not reflect its advisory nature. The award is thus imperfect in form, but that defect does not affect the merits of the controversy. Accordingly, the award is modified to indicate that it is advisory only and as modified is affirmed (CPLR 7511 (c) (3))." The union has appealed. An arbitrator's interpretation of an agreement will only be set aside if completely irrational (*Matter of Local Div. 1179, Amalgamated Tr. Union, AFL-CIO [Green Bus Lines]*, 50 NY2d 1007; *Rochester City School Dist. v Rochester Teachers Assn.*, 41 NY2d 578). However, if the arbitrator's decision is ambiguous or imprecise, the court may not be able to review its rationality (*Matter of Teamsters Local Union 693 [Coverall Serv. & Supply Co.]*, 84 AD2d 609, 610). While it is for the arbitrator to interpret the agreement at issue, "[i]t is the Court's function to determine and declare the meaning and intent of the arbitrators" (*Congregation Talmud Torah of Flatbush v Feinstein*, 124 NYS2d 252, 254, mod on other grounds 283 App Div 892). We are unable in this case to determine "the meaning and intent" of the arbitrator's determination, and find it deficient in several respects. First, it is not at all clear what the arbitrator concluded was the scope of his authority. While he noted that language in the collective bargaining agreement supports the board's position, he also stated: "I make the following award. The way in which the parties finally apply the award is for them to decide in accordance with their agreement." This can be interpreted to mean that the award itself is binding with only the application of it being open to the discretion of the parties. On the other hand, it can be interpreted to mean that the decision is only advisory. The arbitrator went on to state in the section of his determination entitled "AWARD" that the retroactive payment *"shall be paid* to them as a salary adjustment within a reasonable period of time after the calculations are completed" (emphasis supplied). Such language does not reflect a limited, advisory authority. Second, the decision is ambiguous and deficient in an even more critical respect. It has been held that even when an agreement provides for advisory arbitration, an arbitration proceeding will, nonetheless, be binding if the submission to the arbitrator "expressly empowered him to fashion a remedy to resolve the controversy" (*Board of Educ. v Yonkers Federation of Teachers*, 46 NY2d 727, 729; see *Matter of Hempstead Classroom Teachers Assn. v Board of Educ.*, 79 AD2d 709; cf. *Matter of Plainedge Federation of Teachers v Plainedge Union Free School Dist.*, 87 AD2d 631, affd 58 NY2d 902). The record reveals that the parties left it to the arbitrator "to find" the issue in dispute. However, the arbitrator was told by the representatives of both parties to determine what the remedy should be. According to the above-cited cases, such a submission may well constitute a waiver of any right of the parties to reject the arbitrator's decision on the ground that it is advisory. On the other hand, during the hearing, the board's lawyer repeatedly emphasized the advisory nature of the proceedings. The arbitrator's decision does not even address the possibility of a waiver. Nor does it reflect a finding as to whether the parties had or had not "empowered him to fashion a remedy to resolve the controversy". We conclude that under the parties' requests for other and further relief the decision and award must be vacated pursuant to CPLR 7511 (subd [b], par 1, cl [iii]) because it is unresponsive to these important matters (cf. *Matter of Teamsters Local Union 693 [Coverall Serv. & Supply Co.]*, 84 AD2d 609, 610, *supra*). On remittal, the arbitrator should, on the record of the prior proceeding before him, make findings with respect to (1) the arbitration clause of the contract and its effect on the scope of his authority in an arbitration concerning retroactive pay, and (2) whether the parties waived any right to reject his award by telling him to decide what the remedy should be. He should thereupon make a new determination specifying whether the award is binding or advisory. Titone, J. P., Mangano, Gibbons and Weinstein, JJ., concur.