OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
*782 The contractual agreement between petitioner union and respondent center includes an arbitration clause which provides: "The decision of the arbitrator shall be advisory unless accepted by both parties[,] in which case it will become binding.” The grievance of a discharged union employee was tendered by the parties to arbitration in accordance with the agreement, framing the issue as follows: "Was the discharge of grievant * * * for just cause? If not, what shall the remedy be?” The arbitrator’s decision sustained the grievance and recommended the employee’s reinstatement with back pay. The employer promptly rejected the arbitrator’s proposed solution.
The union’s CPLR 7510 proceeding to confirm the arbitration decision was dismissed by Supreme Court on the ground that it was advisory only and could not be confirmed. The Appellate Division affirmed for the reasons stated by Supreme Court, and we granted leave to appeal and also affirm.
Petitioner-appellant first argues that a literal reading of CPLR 7510 requires confirmation, despite the arbitration agreement’s concededly prescribed advisory nature. The statute pertinently provides: "The court shall confirm an [arbitration] award upon application of a party made within one year after its delivery.” The argument is unavailing because, among other reasons, statutory confirmation of an expressly rejected arbitration solution would nullify key provisions of the contract itself, violating a cardinal rule of construction.
Petitioner alternatively urges that respondent, by submitting to the arbitrator the fashioning of a remedy if a grievance was found, transformed the advisory decision into a binding one. This argument ignores the language of the clause at issue, which makes arbitration awards definitively advisory "unless accepted by both parties”. The parties have an express contractual option to accept or reject a decision after the arbitrator renders it. Petitioner’s transformation, therefore, would render the clause a nullity.
Board of Educ. v Yonkers Fedn. of Teachers (46 NY2d 727) is not to the contrary. The arbitration clause there was binding only as to the specific issue submitted, and the agreement provided that the arbitrator was to be so notified. The parties waived the advisory nature of the arbitration by requesting a remedy without including any limitation on the arbitrator’s power to bind them. Here, the clause made the arbitration undeviatingly advisory unless the parties expressly and affirmatively elected to be bound.
*783 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed, with costs, in a memorandum.