■ In the Matter of HAL M. JOSEPH et al., Respondents, v CITY OF NEW YORK et al., Appellants. [607 NYS2d 664] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered August 19, 1993, granting a preliminary injunction to the extent of continuing in effect the life of Eligible List 6643 with respect to those petitioners belonging to the group designated by the court as category three and directing a hearing as to whether the Fire Department should be estopped from failing to implement its promotion and furlough plan for category three individuals, unanimously reversed, on the law, the petition dismissed, and the injunction vacated, without costs.

Civil Service Eligible List 6643 (the List), containing the names of 502 firefighters eligible for promotion to Fire Marshal, was established on August 2, 1989, and remained in effect for the statutory four-year maximum, expiring at midnight, August 2, 1993. A bill was introduced in the Legislature to extend its life but did not pass. There were discussions with respondent City (the City) about extending the life of the list and promoting and furloughing the 172 firefighters remaining thereon, but the City decided that that course was not feasible. The petition herein, asserting equitable estoppel, sought to compel such promotion and furloughing of the 172 firefighters. The IAS Court ordered a hearing on the issue of estoppel and subsequently granted a preliminary injunction to the extent of continuing the List in effect insofar as it pertained to a certain category of petitioners.

Except in unusual factual situations, " 'estoppel is not available against a governmental agency engaging in the exercise of its governmental functions' " *(Advanced Refractory Technologies v Power Auth.,* 81 NY2d 670, 677, quoting *D'Angelo v Triborough Bridge & Tunnel Auth.,* 65 NY2d 714, 715-

716; *Matter of Daleview Nursing Home v Axelrod,* 62 NY2d 30, 33). The instant case involves, at most, a misunderstanding between the City and the firefighters and nothing so unusual or egregious as to justify estoppel. It is significant that what some firefighters allege was a promise by the City did not deter some of those on the List from applying for and taking the new examination.

The promotion and furlough plan, moreover, would impinge adversely upon any new statutory list and so itself must be regarded as the equivalent of the creation of a new list outside the statutory method. A special eligibility list, however, cannot be so created *(see, Matter of Cassidy v Municipal Civ. Serv. Commn.,* 37 NY2d 526, 529) and cannot justify a negotiated impact upon the next statutory list. The importance of the discretionary governmental appointive power embodied in Civil Service Law § 61 has been repeatedly acknowledged by the courts *(Matter of Andriola v Ortiz,* 82 NY2d 320). In *Andriola* the petitioners had established a defect in the promotional process, the improper grading of the examination, but the violation of "this strong State policy" was held to be improper *(supra,* at 326). Here no defect has been shown, and there is no justification for the extension of the life of the List, which would similarly violate that strong State policy. Since estoppel would not be applicable in these circumstances and since the ordering of the implementation of the promotion and furlough plan would be beyond the proper power of the courts in any case, a hearing with respect to estoppel would serve no purpose. Concur—Carro, J. P., Ellerin, Asch and Nardelli, JJ.