■ DANIEL D. JACKSON et al., Respondents, v NASSAU COUNTY et al., Appellants. [666 NYS2d 11] —In an action, *inter alia*, for a judgment declaring that employment contracts exist between the named plaintiffs and the other members of a purported class and the defendant Nassau County Police Department, the appeal is from an order of the Supreme Court, Nassau County (Adams, J.), dated September 30, 1996, which denied the defendant's motion to dismiss the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an appropriate judgment declaring that no employment contracts exist between the plaintiffs and the defendant Nassau County Police Department.

The law is well settled that when an individual passes a civil service examination and his name appears on a list of eligible candidates, that individual "does *not* acquire any 'legally protectable interest' in an appointment to the position for which the examination was given" (*Matter of Andriola v Ortiz,* 82 NY2d 320, 324, *cert denied* 511 US 1031, quoting *Matter of Cassidy v Municipal Civ. Serv. Commn.,* 37 NY2d 526, 529). Indeed, such eligible candidates "do 'not possess any mandated right to appointment *or any other legally protectable interest.* [They] can assert at most the right to consideration for and a "hope" of appointment' " (*Matter of Deas v Levitt,* 73 NY2d 525, 532, *cert denied* 493 US 933, quoting *Matter of Cassidy v Municipal Civ. Serv. Commn., supra,* at 529). In the instant matter, notwithstanding the extension of conditional employment offers, the plaintiffs have not demonstrated that they are more than mere eligible candidates, or that they possess any viable contractual rights to compel the defendant Nassau County to hire them, or that the defendant Nassau County Police Department breached any final, enforceable employment contracts with them (*see, e.g., Matter of Scheurer v New York City Employees' Retirement Sys.,* 223 AD2d 379; *Meyers v City of New York,* 208 AD2d 258; *Matter of Joseph v City of New York,* 201 AD2d 397; *Matter of D'Amico v Leonard,* 64 AD2d 626). Therefore, an appropriate judgment declaring the rights of the parties should be entered and the complaint otherwise dismissed (*see, Lanza v Wagner,* 11 NY2d 317, 334, *cert denied* 371 US 901; CPLR 3211 [a] [7]). Miller, J. P., Sullivan, Santucci and Lerner, JJ., concur.