■ In the Matter of CIVIL SERVICE EMPLOYEES ASSOCIATION, A.F.S.C.M.E., LOCAL 1000, AFL-CIO, et al., Appellants, v COUNTY OF NASSAU, Respondent. [671 NYS2d 665] —In a purported hybrid action and proceedings (1) pursuant to CPLR article 75 to confirm an advisory arbitrator's recommendation, dated April 15, 1996, (2) pursuant to CPLR article 78 to review a determination of the respondent, dated June 24, 1996, which overturned the advisory arbitrator's recommendation, and (3) to recover damages for breach of contract, the appeal is from so much of an order and judgment (one paper) of the Supreme Court, Nassau County (DeMaro, J.), dated January 23, 1997, as dismissed the proceedings.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

In March 1992, Civil Service Employees Association, A.F.S.C.M.E., Local 1000, AFL-CIO (hereinafter CSEA) filed a class action grievance against the County of Nassau (hereinafter the County) on behalf of five CSEA members who had been employed as Construction Inspector Trainees by the County. The grievance alleged that the employment of these workers had been terminated in violation of section 32 of the collective bargaining agreement between the parties.

In a written decision dated April 15, 1996, issued subsequent to the conclusion of the grievance proceeding, the advisory

grievance arbitrator recommended, *inter alia,* a finding that the County violated the terms of the collective bargaining agreement. The County Executive, by his Deputy, overturned the arbitrator's recommendation by determination dated June 24, 1996.

The CSEA and the individual employees then initiated this proceeding seeking relief under CPLR articles 75 and 78 as well as asserting a breach of the collective bargaining agreement.

The Supreme Court dismissed the proceedings pursuant to CPLR articles 75 and 78 as well as the individual employees' breach of contract claims but held that CSEA could pursue its breach of contract claim. We affirm the order and judgment insofar as it is appealed from.

Contrary to the appellants' contention, the advisory arbitrator's recommendation never became binding upon the County and therefore the CPLR article 75 proceeding was properly dismissed (*see, Rush Empls. United v McCarthy,* 76 NY2d 781). Further, it is well settled that a CPLR article 78 proceeding is not the proper vehicle to resolve contractual rights (*see, Matter of Hertz v Rozzi,* 148 AD2d 535, *affd* 74 NY2d 702).

The appellants' remaining contentions are without merit. Santucci, J. P., Joy, Friedmann and McGinity, JJ., concur.