■ In the Matter of CHARLES ENSLEY, as President of Social Services Employees Union, Local 371, AFSCME, AFL-CIO, et al., Appellants, v NEW YORK CITY DEPARTMENT OF CITY-WIDE ADMINISTRATIVE SERVICES et al., Respondents. [686 NYS2d 40] —Order, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered May 27, 1998, which, in a proceeding to rescind provisional civil service appointments to the title Supervisor II (Social Work) and compel their replacement with permanent appointments from an expired list, *inter alia*, granted respondents' motion to dismiss the petition, unanimously affirmed, without costs.

Under Civil Service Law § 56, the only limit on respondents' discretion in fixing the term and any statutorily allowable extensions of an eligible list is that such discretion not be exercised arbitrarily or in bad faith (*Matter of Altamore v Barrios-Paoli*, 90 NY2d 378, 385-386). Here, petitioners' sole allegation of arbitrariness or bad faith is that in letting the master eligible list expire, respondents were motivated by a desire to appoint less qualified provisionals instead of petitioners, who would have qualified for the selective list set up for the social work position from the master list set up for the welfare position but for the fact that they did not obtain the requisite Masters degree until after the cutoff date set out in the notice of examination. There is no factual support for this allegation of arbitrariness, which conflicts with a prior one-

year extension of the master list, overlooks that the selective list was exhausted and that the master list, which began with 1,397 names, had only 21 (68 according to petitioners) when it expired, and is otherwise "insufficient to overcome 'the presumption of regularity and honest motivation which attaches to official acts' " (*supra,* at 386). Absent a showing of arbitrariness or bad faith, or a viable challenge to the validity of the list itself, the court cannot compel respondents to perform the discretionary act of extending the list, or to create a special eligibility list consisting of those on the main list who obtained their educational qualifications after the cutoff date, simply because the list expired before every one on it had been reached for consideration (*see, Matter of Deas v Levitt*, 73 NY2d 525, 529, 531, 532-533, *cert denied* 493 US 933; *Matter of Joseph v City of New York*, 201 AD2d 397; *Matter of Archer v Riccio*, 201 AD2d 395). Other considerations would apply had the master list not expired (*see, Ensley v New York City Dept. of Personnel*, 170 AD2d 298, *lv denied* 78 NY2d 862).

Nor was it error to dismiss the petition on the ground of another proceeding pending insofar as it alleges that the provisional appointments were made in violation of Civil Service Law § 65 and the merit and fitness requirements of the State Constitution. In this proceeding, petitioners claim that appointment of the provisionals is unlawful because respondents arbitrarily let an existing list expire, and that the provisionals should be replaced with permanent appointments drawn from the expired list; in the other proceeding, petitioners claim that the appointment of the provisionals is unlawful because respondents have refused to administer a new examination for the title, and that the provisionals should be replaced with permanent appointments selected from a new list generated by a new examination. However, in view of the determination herein that respondents cannot be compelled to appoint replacements from the expired master list, the provisionals' permanent replacements can only come from a new list generated by a new exam.

We have considered petitioners' other arguments and find them unpersuasive. Concur—Nardelli, J. P., Lerner, Mazzarelli and Saxe, JJ.