■ TIMOTHY CARTER et al., Appellants, v COUNTY OF NASSAU, Respondent. [778 NYS2d 911]—In an action, inter alia, to recover damages for breach of a collective bargaining agreement, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Cozzens, J.), dated March 18, 2003, which granted the defendant's motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion which was to dismiss the first cause of action and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

Viewing the complaint in the light most favorable to the plaintiffs and accepting the factual allegations as true, the complaint states a cause of action to recover damages for a breach of the parties' collective bargaining agreement (*see Board of Educ. of City School Dist. of City of New Rochelle v County of Westchester*, 282 AD2d 561 [2001]; *Rotanelli v Madden*, 172 AD2d 815 [1991]; *see also Matter of Andriola v Ortiz*, 82 NY2d 320 [1993], *cert denied sub nom. Andriola v Antinoro*, 511 US 1031 [1994]; *Matter of Civil Serv. Empls. Assn. Local 1000, AFSCME v New York State Pub. Empl. Relations Bd.*, 2 AD3d 1197 [2003]; *Jackson v Nassau County*, 245 AD2d 264 [1997]).

The second cause of action, however, was properly dismissed. The defendant's rejection of the arbitrator's advisory award was permissible pursuant to the collective bargaining agreement (*see Benjamin Rush Empls. United v McCarthy*, 76 NY2d 781 [1990]; *Matter of Plainedge Fedn. of Teachers v Plainedge Union Free School Dist.*, 58 NY2d 902 [1983]). Contrary to the

plaintiffs' contention, the application of an arbitrary and capricious standard is inappropriate under these circumstances (*see Matter of O'Brien v Board of Educ. of City School Dist. of City of N.Y.,* 71 AD2d 605 [1979]). Florio, J.P., Luciano, Townes and Fisher, JJ., concur.