Matter of Help Me See, Inc. v Wonderwork, Inc. (2018 NY Slip Op 00085)





Matter of Help Me See, Inc. v Wonderwork, Inc.


2018 NY Slip Op 00085


Decided on January 4, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 4, 2018

Renwick, J.P., Manzanet-Daniels, Gische, Kahn, Singh, JJ.


5381N 655667/16

[*1] In re Help Me See, Inc., Petitioner-Respondent,
v
Wonderwork, Inc. formerly known as Surgery for the Poor, Inc., Respondent-Appellant. 
Clark Kokich, et al., Non-Party Intervenors


Carter Ledyard & Milburn LLP, New York (Judith M. Wallace of counsel), for appellant.
Arnold & Porter Kaye Scholer LLP, New York (Vincent A. Sama of counsel), respondent.
Kalib & Kalib, New York (Susan B. Kalib of counsel), for non-party Intervenors.



Order and judgment (one paper), Supreme Court, New York County (Barry R. Ostrager, J.), entered December 2, 2016, which granted petitioner's application to confirm an arbitration award and denied respondent's cross motion to vacate the award, unanimously affirmed, with costs.
The arbitration award was properly confirmed. Contrary to respondent's contention, the award did not improperly redirect specific charitable donations based on a determination of donor intent. Rather, it awarded expectation damages sufficient to restore petitioner to the position it would have been in had respondent performed as promised under the parties' agreement (see Emposimato v CIFC Acquisition Corp., 89 AD3d 418, 421 [1st Dept 2011]). As such, New York's public policy protecting donor intent was not implicated (see Not-For-Profit Corporation Law §§ 513[b]; 555[b], [e]; Alco Gravure, Inc. v Knapp Found., 64 NY2d 458, 467-468 [1985]; Matter of Friends for Long Island's Heritage, 80 AD3d 223, 230-231, 235 [2d Dept 2010]).
Since the damages awarded were compensatory in nature, the award also did not violate New York law holding that arbitrators do not have authority to award punitive damages (see Garrity v Lyle Stuart, Inc., 40 NY2d 354, 356 [1976]), assuming that the arbitration was governed by New York law.
Whether or not respondent will be able to pay the award without resort to restricted-purpose funds is irrelevant (see Board of Educ. of Yonkers City School Dist. v Yonkers Fedn. of Teachers, 46 NY2d 727, 729 [1978]). The award did not designate any particular source from which the damages had to be paid. The issue of what funds may be used may be raised in the bankruptcy court (Matter of Wonderwork, Inc., Index No. 16-13607 [Bankr SD NY]).
We have considered respondent's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 4, 2018
CLERK