Matter of The Professional, Clerical, Tech. Empls. Assn. (Board of Educ. for Buffalo City Sch. Dist.) (2018 NY Slip Op 04128)





Matter of The Professional, Clerical, Tech. Empls. Assn. (Board of Educ. for Buffalo City Sch. Dist.)


2018 NY Slip Op 04128


Decided on June 8, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, NEMOYER, CURRAN, AND TROUTMAN, JJ.


396 CA 17-01833

[*1]THE PROFESSIONAL, CLERICAL, TECHNICAL EMPLOYEES ASSOCIATION, PETITIONER-RESPONDENT, AND BOARD OF EDUCATION FOR BUFFALO CITY SCHOOL DISTRICT, RESPONDENT-APPELLANT. 






BOND, SCHOENECK & KING, PLLC, ROCHESTER (BETHANY A. CENTRONE OF COUNSEL), FOR RESPONDENT-APPELLANT.
BARTLO, HETTLER, WEISS & TRIPI, KENMORE (PAUL D. WEISS OF COUNSEL), FOR PETITIONER-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered July 6, 2017 in a proceeding pursuant to CPLR article 75. The order granted the petition to confirm an arbitration award and denied the cross petition to vacate that arbitration award. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the petition is denied, the cross petition is granted, the award is vacated, and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: In this CPLR article 75 proceeding, respondent appeals from an order granting the petition to confirm the arbitration award, denying respondent's cross petition to vacate the award, and confirming the award. The arbitration proceeding arose from respondent's plan to transfer certain employees previously assigned to work at a single location to new positions requiring them to alternate between two different work locations. The arbitrator's opinion and award, among other things, found that respondent involuntarily transferred the grievants in violation of the collective bargaining agreement between the parties, and directed respondent to compensate the grievants "for work performed at more than one location from November 30, 2013 until the end of the 2016 Budget Year."
We agree with respondent that Supreme Court erred in granting the petition and in denying the cross petition. An arbitration award "shall be vacated" where the arbitrator "so imperfectly executed [the award] that a final and definite award upon the subject matter submitted was not made" (CPLR 7511 [b] [1] [iii]). "An award is indefinite or nonfinal within the meaning of the statute only if it leaves the parties unable to determine their rights and obligations, if it does not resolve the controversy submitted or if it creates a new controversy' " (Yoonessi v Givens, 78 AD3d 1622, 1622-1623 [4th Dept 2010], lv denied 17 NY3d 718 [2011], quoting Matter of Meisels v Uhr, 79 NY2d 526, 536 [1992]). Vacatur is appropriate where the award failed to set forth the manner of computing monetary damages (see Matter of Teamsters Local Union 693 [Coverall Serv. & Supply Co.], 84 AD2d 609, 610 [3d Dept 1981]; Matter of Biscardi [Maryland Cas. Co.], 40 AD2d 610, 610-611 [2d Dept 1972]).
In an affidavit in support of the cross petition, respondent's Chief of Staff averred that none of the affected employees was terminated or had his or her compensation reduced as a result of the allegedly wrongful transfers. The award does not explain the basis for the compensation allegedly owed to the grievants, nor does it detail how that compensation should be calculated. It appears that the arbitrator merely copied verbatim the remedy requested by petitioner rather than making findings of his own. We therefore reverse the order, deny the petition, grant the cross petition, vacate the award, and remit the matter to Supreme Court, which shall remit the matter to [*2]the arbitrator to determine whether any compensation is owed to the grievants, and, if so, to determine the amount of such compensation or how it can be calculated with reasonable precision (see generally Matter of Westchester County Corr. Officers Benevolent Assn., Inc. v Cheverko, 112 AD3d 842, 842 [2d Dept 2013], lv dismissed 22 NY3d 1174 [2014]).
Entered: June 8, 2018
Mark W. Bennett
Clerk of the Court