Chief Judge Desmond.
The action was brought by plaintiff in 1961 against her former husband whom she had divorced in Alabama in 1960 to invalidate that divorce and to secure a New York divorce on the ground of adultery and to get increased alimony, etc. After a trial in Kings County Supreme 'Court the Alabama decree was held to be valid and the resulting judgment, therefore, dismissed so much of the complaint as demanded a new divorce and made some directions as to custody of the minor child of the couple. Those latter parts of the Supreme Court determination were not appealed from and are not before us.
Just before the Alabama divorce the parties had made a separation agreement which contained provisions for payments to the wife for alimony and for the support of the child, totaling $142 per week (with an increase if the husband’s income should go above $22,500 a year) and this agreement was approved by the Alabama divorce court. During or in connection with the later New York suit the Trial Justice suggested that the separation agreement be amended to increase the weekly payment to $167 with an increase if the husband’s income should pass $25,000 per year and to provide that the increase to $167 would be voided if the wife should apply to any court or arbitrator for an increase. Such an amendment was then signed by the parties.
The husband remarried after the Alabama divorce and the wife remarried in 1964. The 1960 separation agreement (not later amended in this respect) said that, if the wdfe should remarry, the defendant’s obligation to support her would cease *126 but his obligation to support the child would continue during the latter’s minority and, if the parties could not agree on the amount for the child, the matter should be arbitrated in a manner described.
After plaintiff remarried, the parties could not agree on the amount to be paid by defendant for the support of the child (now seven years old). The wife, asserting that the arbitration provisions as to the child were illegal, moved the Supreme Court in the divorce action for an order fixing an amount to be paid to plaintiff for the child’s support and maintenance, and for an order restraining defendant from initiating an arbitration.
Special Term granted plaintiff’s motion holding that arbitration would be illegal under CPLR 1209 and under Chernick v. Hartford Acc. & Ind. Co. (8 N Y 2d 756). The Appellate Division held to the contrary as had the First Department in a thorough and convincing opinion in Sheets v. Sheets (22 A D 2d 176). (See, also, Matter of Lasek, 13 A D 2d 242.)
Plaintiff argues that CPLR 1209 and section 240 of the Domestic Relations Law require that the amount for the infant’s support must be fixed by a court, not by an arbitrator.
Let us first take up CPLR which reads thus: ‘ ‘ § 1209. Arbitration of controversy involving infant or judicially declared incompetent. A controversy involving an infant or person judicially declared to be incompetent shall not be submitted to arbitration except pursuant to a court order made upon application of the representative of such infant or incompetent.” In Matter of Robinson (296 N. Y. 778 [1947]) we, reversing the Appellate Division, held properly arbitrable a dispute under a separation agreement which fixed support payments for a wife and children at $105 per week for one year and provided that, if at the end of the year the amount of future payments could not be agreed on, there should be an arbitration. In this court’s brief memorandum in Robinson no stress was put on the fact that payment for a child was involved, but the court of course knew that fact. The Robinson memorandum cited Matter of Luttinger (294 N. Y. 855) where there was a wife but no child. Luttinger, Robinson, Sheets and the present Appellate Division holding all recognize that a separation agreement like this one is a contract between husband and wife only and that the child or children are not parties (although beneficially interested therein) to any litiga *127 tion or arbitration thereunto appertaining. All the authorities seem to say that a cause of action for payments like these for a child belongs not to the child but to the mother (Yates v. Yates, 183 Misc. 934, 937 [Van Voorhis, J.]; Kendall v. Kendall, 200 App. Div. 702, 705; Percival v. Luce, 114 F. 2d 774, 775).
Plaintiff says, however, that the settled law as to arbitrability of such support provisions was changed when the Legislature, in enacting new CPLR, changed section 1448 of the old Civil Practice Act which said that ‘ ‘ A controversy cannot be arbitrated ’ ’ where ‘ ‘ one of the parties to the controversy is an infant ” and substituted CPLR 1209 which says that there can be no arbitration of a controversy “ involving an infant ”. No one has found any explanation of the change in verbiage but the Revision Committee’s Report to the Legislature (N. Y. Legis. Doc., 1958, No. 13, p. 385) said that new CPLR 1209 was ‘ ‘ derived from subdivision 1 of section 1448 of the civil practice act with only language changes which do not affect the substance of the provision”. Our court has held that where the Legislature votes a general revision of a code with hundreds of changes we will not interpret a minor change in language to indicate a meaning unless legislative purpose so to change the meaning is clear (Henavie v. New York Cent. & H. R. R. R. Co., 154 N. Y. 278, 281; Lynk v. Weaver, 128 N. Y. 171, 177).
Plaintiff cites section 240 of the Domestic Relations Law. This is a long, involved statute which gives the courts broad powers as to custody and support of children, including continuing right to aixnul or modify previous orders. There is nothing in it to change the well-settled rule that parties may agree to arbitrate their differences as to the amoxxnt of support money. The substance of section 240 was in old sections of the Civil Practice Act such as 1169, 1170 and 1170-a and no court ever held or suggested that those laws prohibited such arbitrations. To affirm here we need not hold that an award made by an arbitrator is final and beyond court review. As the late Justice Valente wrote in Sheets v. Sheets (22 A D 2d 176, 178, supra): “ Thus, the best interest of the child is assured protection by this omnipresent judicial check against arbitration awards in custody matters attaining the unassailable finality of awards in other arbitrations. Nor could any such award in a custody matter be given any res judicata consequences against the child, who was *128 not a party to the arbitration. However, such an award would effectively bind the parents of the child to the extent that it settled their disputes, but only insofar as the award did not adversely affect the substantial interest of the child.”
The only decision cited by Special Term was Chernick v. Hartford Acc. & Ind. Co. (8 N Y 2d 756, supra). Chernick held (under Civ. Prac. Act, § 1448) that an insurance policy arbitration clause could not be enforced as to an infant’s own claim for personal injury damages.
The order should be affirmed, without costs.
Judges Fuld, Van Voorhis, Burke, Scileppi, Bergan and Keating concur.
Order affirmed.