■ In the Matter of BARBARA TANNER, Appellant, v COUNTY OF NASSAU et al., Respondents. — In a proceeding pursuant to CPLR article 78 to review a determination of respondent Eisenberg which terminated petitioner's employment, petitioner appeals (by permission) from so much of a judgment of the Supreme Court, Nassau County (Burstein, J.), entered January 6, 1981, as failed to direct that petitioner be reinstated to her former position as a licensed practical nurse, with back pay. Judgment modified, on the law, by adding a provision requiring that petitioner be reinstated to her former position as a licensed practical nurse, with back pay from April 1, 1978 until June 4, 1981, less such sums as petitioner may have earned during this period in any other employment or occupation and any unemployment insurance benefits she may have received. As so modified, judgment affirmed, insofar as appealed from, without costs or disbursements. Sometime in January of 1978, petitioner absented herself from her position as a Licensed Practical Nurse I in the Nassau County Medical Center. When she attempted to return to work on April 1, 1978, she was informed that her employment was terminated. On or about April 17, 1978, respondent Eisenberg, executive director of the medical center, served petitioner with charges and specifications of misconduct and notified her that she was entitled to a hearing pursuant to section 75 of the Civil Service Law. The hearing was never held because Eisenberg sent petitioner a letter dated August 15, 1978, notifying her that the charges were null and void and that her employment was terminated as of March 24, 1978 for violating a county ordinance prohibiting Nassau County employees from residing or dwelling outside of Nassau County. The notification stated that petitioner was not entitled to a hearing on the issue of residency. Petitioner then commenced an article 78 proceeding seeking review of this determination and alleging that she was denied due process when her employment was terminated without a hearing. By judgment entered January 6, 1981, Special Term annulled the determination and remanded the matter for a hearing under section 75 of the Civil Service Law. Petitioner was then granted leave to appeal from so much of that judgment as failed to direct her reinstatement to the position of licensed practical nurse with back pay. Section 75 (subd 1, par [a]) of the Civil Service Law prohibits termination of a tenured employee except for misconduct or incompetency shown after a hearing upon stated charges. Although a municipality may enact a local ordinance requiring its

employees to reside within its boundaries (cf. *Mandelkern v City of Buffalo,* 64 AD2d 279), it may not, without a hearing pursuant to section 75, terminate tenured employees who establish outside residence. Thus, respondent Eisenberg's determination was properly annulled. The question, then, is whether Special Term should have also directed that petitioner be restored to her former position as a licensed practical nurse, with back pay as of April 1, 1978, the date she was refused permission to return to work. The law is clear that when a determination imposing sanctions under section 75 of the Civil Service Law is annulled, the employee is entitled to be reinstated to his or her former position with back pay until such time as a new determination may be rendered which again punishes the employee (cf. *Wind v Ravo,* 69 AD2d 879; *Wind v Green,* 78 AD2d 695; *Matter of Romeo v Union Free School Dist., No. 3, Town of Islip,* 64 AD2d 664). Here, the hearing ordered by Special Term has been held and a new determination terminating petitioner's employment was rendered on June 4, 1981. Consequently, petitioner is entitled to back pay from April 1, 1978 until June 4, 1981. Since petitioner was never suspended, there is no basis for any deprivation of pay based on a suspension. Lazer, J. P., Gibbons, Gulotta and Bracken, JJ., concur.