■ In the Matter of INCORPORATED VILLAGE OF VALLEY STREAM, Petitioner, v STATE OF NEW YORK PUBLIC SERVICE COMMISSION et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent Public Service Commission which, *inter alia,* upheld respondent Long Island Lighting Company's decision to terminate street lighting service to petitioner.

Between 1953 and 1957, respondent Long Island Lighting Company (LILCO) installed approximately 144 street lights along Sunrise Highway in petitioner, the Village of Valley Stream. Service to this system was provided by LILCO pursuant to service classification No. 8, part of its tariff, which called for full street service lighting. LILCO also owned, maintained and operated the system. Sometime during 1970, the village began to experience power outages and refunds were negotiated and paid by LILCO to the village covering the period from 1977 through the first five months of 1981. LILCO claims that the outages were due to cable failure caused by normal wear and tear. As power outages became more frequent, LILCO undertook maintenance and repair measures. However, when it became clear that effective resolution of the problem would require a capital investment exceeding that which LILCO was prepared to make, it informed petitioner that it would not replace the system.

The village, by letter dated April 13, 1981, informed LILCO that it would no longer accept billing for the street lighting system due to excessive power outages. In response, LILCO terminated service and scheduled removal of the facilities. The village sought review of LILCO's decision before respondent Public Service Commission (PSC). After a hearing, the PSC upheld LILCO's right to terminate lighting service to the village. The village commenced this CPLR article 78 proceeding to challenge that determination. The proceeding has been transferred to this court.

Initially, we note that this proceeding was not properly transferred to this court. Section 71 of the Public Service Law, which requires the PSC to investigate complaints involving the provision of electricity for lighting, has been interpreted not to require a hearing (see *Matter of Campo Corp. v Feinberg,* 279 App Div 302, 308, affd 303 NY 995). Only where a hearing is required by law does the substantial evidence test apply (CPLR 7803, subd 4; *Matter of Burstein v Public Serv. Comm.,* 97 AD2d 900, 901). Since the hearing conducted herein was discretionary, the proper standard of review is the "arbitrary and capricious" test rather than "substantial evidence". However, since the record and briefs are before this court, we choose to exercise our option to retain the matter and decide it on the merits (*id.,* at p 902).

Turning to the merits, it is clear that the resolution of this dispute turns on the PSC's interpretation of service classification No. 8 (par [f]), which states: "[W]hen *in the judgment of the company* an existing facility requires abnormal expenditure because of damage through vandalism *or otherwise,* service to the location may be terminated and the facility removed or the company may require that special provisions be made for the protection and maintenance of the facilities" (emphasis added). In our view, the PSC correctly rejected the village's contention that the abnormal expenditures contemplated in paragraph (f) of the service classification should be restricted to damage caused by vandalism. The PSC's reading of the tariff is not irrational or unreasonable. The reference to vandalism is illustrative rather than limiting, and the clear reference to the company's judgment suggests that abnormal expenditures justify termination of service where they are caused by normal wear and tear. Here, the record evidence does not support the assertion that LILCO was negligent in the operation of its system.

Further, in addition to facing the prospect of spending approximately $250,000 to replace a worn out underground cable system, LILCO was also reacting to two recent court decisions that compelled a change in LILCO's policy concerning the provision of municipal street lighting. One case held that municipal contracts for installation and maintenance of street lighting systems had to be awarded after solicitation of public bids to the lowest qualified bidder (*Cohen v Village of Kensington,* Supreme Ct, Nassau County, Aug. 29, 1967, Brennan, Jr., J.). The second case determined that the erection of street lighting systems was a public work, and accordingly, under subdivision 3 of section 220 of the Labor Law, all workers engaged in the erection of

such systems must be paid the prevailing wage rate for electricians (*Matter of Long Is. Light. Co. v Industrial Comr.*, 40 AD2d 1003, affd 34 NY2d 725). The substantial capital investment to replace the underground cable plus the added costs mandated by these decisions, when juxtaposed to the village's right to terminate service without cause, creates the risk that LILCO could not be assured of recovering the substantial investment necessary to replace the lighting system if the village did not remain a customer long enough for LILCO to recoup its investment.

In determining whether termination of a service provided by a regulated monopoly is appropriate, the economic loss to the company must be balanced against the public interest (see *Matter of Delaware & Hudson R. R. Corp. v Public Serv. Comm.*, 285 App Div 326). Here, the risk of loss to LILCO is great, while the harm to the public interest is minimal. There are viable alternatives for the provision of street lighting to the village, e.g., leasing or purchasing the system from LILCO. Further, the State has determined that lighting is not necessary on Sunrise Highway. Accordingly, village residents could not be said to be unreasonably harmed if street lighting is not reinstituted. It necessarily follows that the PSC's determination has a rational basis.

Finally, the village's contentions that (1) they should have been permitted by the PSC to rely on the doctrine of *res ipsa loquitur* to establish LILCO's negligent maintenance and (2) that their procedural rights were violated by the PSC's denial of their right to cross-examine LILCO's representatives concerning the two judicial decisions LILCO cited as precipitating its policy of terminating street light service are without merit. The village could have obtained documentary evidence of LILCO's maintenance or lack thereof. Next, since the village accepts the fact that the average expected useful life of the lighting system installed between 1953 and 1957 was 24 years, normal wear and tear is a likely reason for deterioration of the system. Finally, since the central issue before the PSC was whether LILCO's alleged negligent maintenance precluded it from exercising its option to terminate service pursuant to service classification No. 8 (par [f]), the legal interpretation of the decisions was irrelevant and cross-examination was properly denied.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Main, Yesawich, Jr., and Harvey, JJ., concur; Mikoll, J., not taking part.