■ In the Matter of NASSAU CHAPTER OF THE CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., et al., Respondents, v GEORGE MILHIM, as Mayor of the Incorporated Village of Hempstead, et al., Appellants.

We affirm the hearing court's determination that petitioner James Hayden's resignation was the product of coercion and duress for the reasons stated by Justice Winick in his memorandum decision dated June 30, 1983. Moreover, inasmuch as

Hayden's involuntarily obtained resignation was akin to a wrongful discharge, the court's determination that he was entitled to recover the compensation which he would have received but for the unlawful removal, from the date of such removal to the date of his reinstatement, less the amount of compensation he may have earned in any other employment and unemployment insurance, was proper (*see, Matter of Toro v Malcolm,* 44 NY2d 146; *Sinicropi v Bennett,* 92 AD2d 309, *affd* 60 NY2d 918; *Matter of Tanner v County of Nassau,* 88 AD2d 661). Lazer, J. P., O'Connor, Weinstein and Brown, JJ., concur.