In the Matter of MARIANNA MARIN, Petitioner, v JOSEPH C. BENSON, as Chairman of the Albany County Legislative Grievance Committee, et al., Respondents.

Third Department, October 22, 1987

## APPEARANCES OF COUNSEL

*Walter, Thayer & Long (Lanny E. Walter* of counsel), for petitioner.

*William J. Conboy, II (Thania F. Fernandez* of counsel), for respondents.

## OPINION OF THE COURT

KANE, J. P.

On August 8, 1985, petitioner was employed as a nursing assistant by Albany County Nursing Home. As a result of an incident which occurred on that date at the nursing home, charges of patient abuse were brought against petitioner and petitioner's employment was terminated. Under the terms of a collective bargaining agreement which applied to petitioner, she filed a grievance and ultimately a hearing on the grievance was held before the Albany County Legislative Grievance Committee. Following the hearing, the grievance committee upheld petitioner's termination from employment. Petitioner then commenced the instant CPLR article 78 proceeding which was transferred to this court.

Petitioner argues that review of the grievance committee's decision should be made under the substantial evidence standard because the hearing was held pursuant to direction of law *(see,* CPLR 7803 [4]). In the instant case, the grievance committee hearing was held pursuant to the provisions of a collective bargaining agreement (hereinafter the agreement) which applied to petitioner and which petitioner claims is the

equivalent of the hearing mandated by Civil Service Law § 75. In reviewing this claim, it is necessary to compare the relevant provisions of the agreement and Civil Service Law § 75.

Section 1 of article XVII of the agreement provides that all disciplinary and discharge actions "shall be subject to the Grievance Procedure of the Agreement and also in accordance with the provisions of the Civil Service Law of the State of New York". Section 3 of article XVII of the agreement provides that the standard procedure for discipline and discharge shall be a verbal notice and three written warnings followed by a written notice of suspension or termination. Section 4 of article XVII of the agreement provides that in cases involving major employee infractions, an employee may be subjected to "*immediate* discipline, suspension or discharge" (emphasis supplied). Section 5 of article XVII of the agreement provides that "[a]ny disagreements as to the nature of severity of the infraction will be subject to the Grievance Procedure". Step four of the grievance procedure provides for a hearing before the grievance committee. Thus, the agreement provides for a hearing on disciplinary charges *after* the penalty has been imposed.

In contrast, Civil Service Law § 75 (2) provides in pertinent part that: "A person against whom removal or other disciplinary action is proposed shall have written notice thereof and of the reasons therefor, shall be furnished a copy of the charges preferred against him and shall be allowed at least eight days for answering the same in writing. The hearing upon such charges shall be held by the officer or body having the power to remove the person against whom such charges are preferred, or by a deputy or other person designated by such officer or body in writing for that purpose." This provision clearly requires a hearing *before* a disciplinary penalty can be imposed *(see also,* Civil Service Law § 75 [1], [3]). Accordingly, the agreement's requirement that all disciplinary and discharge actions shall be subject to the grievance procedures of the agreement conflicts with the agreement's requirement that such actions shall also be in accordance with the provisions of the Civil Service Law. This being the case, the agreement's specific provisions providing for termination of an employee prior to a hearing modify and supersede the provisions of Civil Service Law § 75 (2) *(see,* Civil Service Law § 76 [4]; *Matter of Mottironi v Axelrod,* 133 AD2d 948 [decided herewith]; *Matter of Apuzzo v County of Ulster,* 98 AD2d 869,

871, *affd* 62 NY2d 960). This conclusion is supported by the parties' conduct, as the grievance committee's hearing took place after petitioner was terminated\* *(see, Studley v National Fuel Gas Supply Corp.,* 107 AD2d 122, 128, *appeal dismissed* 65 NY2d 975).* Since the hearing was mandated by the agreement and not by Civil Service Law § 75, the "substantial evidence" standard of review does not apply and the "arbitrary and capricious" standard is appropriate *(see, Matter of Incorporated Vil. of Val. Stream v State of New York Pub. Serv. Commn.,* 107 AD2d 856, 857; *see also, Matter of Stoker v Tarentino,* 64 NY2d 994, 997, n 1). Consequently, the proceeding was erroneously transferred to this court *(supra).* Nevertheless, in the interest of conserving judicial resources, we elect to retain the matter and consider the petition.

■ Pursuant to Civil Service Law § 75 (3), petitioner contends that she is entitled to her salary for the time period her suspension exceeded 30 days. However, as noted above, since the hearing was held pursuant to the collective bargaining agreement, the provisions of Civil Service Law § 75 (3) do not apply to petitioner. This conclusion finds further support in the agreement's grievance procedure which provides specific time limits for compliance with each step of the grievance procedure. These time periods clearly modify and replace the 30-day time requirement found in Civil Service Law § 75.

Turning to the merits, we note that the testimony of Cynthia Lyden, a nurse's supervisor, who witnessed the incident in question, supports the finding of petitioner's guilt by the grievance committee. The conflicting testimony presented by petitioner created a credibility question and the fact that the grievance committee resolved this issue against petitioner does not render its decision arbitrary and capricious *(see, Matter of Di Maria v Ross,* 52 NY2d 771; *Matter of Pell v Board of Educ.,* 34 NY2d 222, 231; Siegel, NY Prac § 560, at 783). Finally, in light of the serious nature of the incident in question, the termination of petitioner's employment is not

---

\* While the "Disciplinary Warning Notice & Action Taken" form indicates that petitioner was "suspended with recommendation for termination pending a personell [*sic*] hearing" on August 8, 1985, the record indicates that petitioner's employment was terminated prior to the November 18, 1985 hearing before the grievance committee. In fact, in a letter requesting step four of the grievance procedure, petitioner's union stated that it was filing the grievance on behalf of petitioner, "who was terminated".

shockingly disproportionate to the offense *(see, Matter of Pell v Board of Educ., supra,* at 233). The determination should therefore be confirmed.

MAIN, MIKOLL, YESAWICH, JR., and HARVEY, JJ., concur.

Determination confirmed, and petition dismissed, without costs.