■ In the Matter of PHILIP QUINN, Petitioner, v EDWARD A. SIMMONS et al., Constituting the Nassau County Civil Service Commission, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review an undated determination of the Nassau County Civil Service Commission which, after a hearing, found that the petitioner was not a resident of Nassau County as required by Nassau County Administrative Code § 13-1.0, and which directed that his employment by Nassau County be terminated.

Ordered that the determination is confirmed, and the proceeding is dismissed on the merits, with costs.

In *Tanner v County of Nassau* (88 AD2d 661), this court held that an employee of Nassau County could not properly be dismissed on the basis of nonresidency *(see,* Nassau County Administrative Code § 13-1.0) without first having been given an opportunity to be heard. Although the court referred to Civil Service Law § 75 in the *Tanner* decision, it did not hold that such a residency hearing must be held before "the officer or body having the power to remove the [employee]" (Civil Service Law § 75 [2]). On the contrary, such a hearing may be held before the Nassau County Civil Service Commission, which is empowered to enforce residency requirements *(see,* Nassau County Charter § 1309; Civil Service Law § 17 [1]). Accordingly, there was no need for Nassau County, as the petitioner's employer, to designate the Nassau County Civil Service Commission as a body authorized to conduct such a

hearing *(cf., Matter of Wiggins v Board of Educ.,* 60 NY2d 385; *Matter of Blount v Forbes,* 250 App Div 15). In this case, the Nassau County Civil Service Commission's finding of nonresidency was supported by substantial evidence *(see generally, Matter of Magrella v Nassau County Civ. Serv. Commn.,* 124 AD2d 660).

We have examined the petitioner's remaining contentions and find them to be without merit. Bracken, J. P., Sullivan, Balletta and Rosenblatt, JJ., concur.