■ PAUL DeFRANKS, as President of American Federation of State, County, and Municipal Employees, AFL-CIO, Local 650, Appellant, v CITY OF BUFFALO et al., Respondents. [670 NYS2d 282] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff appeals from a judgment declaring that defendant Buffalo Municipal Civil Service Commission (Commission) has jurisdiction to hold hearings and may remove from employment any permanent appointee or employee who is represented by the American Federation of State, County, and Municipal Employees, AFL-CIO, Local 650 (AFSCME), for failure to reside in the City of Buffalo (City). Buffalo City Code § 35-6 (A) requires every employee of the City "to be a domiciled resident of [Buffalo] and to maintain his permanent residence within the corporate limits of [Buffalo]".

A city may require as a continuing condition of employment that its employees reside within the city (*Mandelkern v City of Buffalo,* 64 AD2d 279, 280-281) and may empower a municipal civil service commission to enforce such residency requirements and to hold hearings for that purpose (*see, e.g., Matter of Quinn v Simmons,* 152 AD2d 579, 580, *appeal dismissed* 74 NY2d 944, *lv denied* 75 NY2d 707). Here, the City conferred upon the Commission concurrent jurisdiction regarding enforcement of its residency requirement (Buffalo City Code § 35-6 [B]).

Civil Service Law § 50 (4) authorizes a municipal civil service commission to direct the termination of an employee within three years of his appointment "upon finding facts which if known prior to appointment, would have warranted his disqualification" and at any time "upon a finding of * * * fraud of a substantial nature in his application, examination or appointment". Thus, the Commission is authorized to direct the termination of an employee who holds a position by permanent appointment or employment at any time if the employee fraudulently stated on the application, examination or appointment that he or she resided in the City. In the absence of fraud, the Commission is authorized to direct the termination of a permanent employee who violated the residency requirement provided it does so within three years of the employee's appointment. Violation of the residency requirement is a fact

that "would have warranted [the employee's] disqualification" (Civil Service Law § 50 [4]).

AFSCME's contention that the City is limited to the discipline and discharge procedures in the collective bargaining agreement between AFSCME and the City is without merit. It is the Commission, rather than the City, that is seeking the termination of employees who violated the residency requirement. The Commission, an independent body, was not a party to the collective bargaining agreement and is not bound by its terms. Thus, the Commission's concurrent jurisdiction with the City to enforce the residency requirement (Buffalo City Code § 35-6 [B]) is not affected by the collective bargaining agreement.

We therefore modify the judgment by providing in the first decretal paragraph that the Commission has the authority to hold hearings with regard to, and may direct the termination at any time of, any AFSCME employee holding a position by permanent appointment or application who fraudulently states at the time of appointment, examination or application that he or she is a City resident, but that the Commission does not have the authority to direct the termination of an AFSCME employee for nonresidence more than three years after permanent appointment or employment unless he or she has committed fraud of a substantial nature in the application, examination or appointment. (Appeal from Judgment of Supreme Court, Erie County, Mintz, J.—Declaratory Judgment.) Present—Lawton, J. P., Hayes, Wisner, Boehm and Fallon, JJ.