■ The People of the State of New York ex rel. Brian A. Thomas, Appellant, v Gary F. Hodges, as Superintendent of Gowanda Correctional Facility, et al., Respondents. [722 NYS2d 447] —Appeal unanimously dismissed without costs as moot (see, People ex rel. Wilder v Markley, 26 NY2d 648, rearg denied 27 NY2d 737; People ex rel. Kendricks v Smith, 52 AD2d 1090). (Appeal from Judgment of Supreme Court, Erie County, Kane, J.—Habeas Corpus.) Present—Pine, J. P., Hayes, Hurlbutt, Scudder and Lawton, JJ.

■ In the Matter of John Pierino, Petitioner, v Matthew Brown, as Commissioner of General Services of City of Buffalo, et al., Respondents. [722 NYS2d 845] —Order unanimously vacated without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Petitioner commenced this CPLR article 78 proceeding to challenge the determination of respondent Commissioner of General Services that petitioner was in violation of Buffalo City Code § 35-6. Supreme Court erred in transferring the proceeding to us pursuant to CPLR 7804 (g). The charges against petitioner were brought by respondent City of Buffalo under article 22 of the collective bargaining agreement, which required the appointment of a Hearing Officer and a hearing on the charges. Petitioner purports to raise a substantial evidence issue, which would warrant a transfer of the proceeding to this Court (see, CPLR 7804 [g]). That issue is raised only if an administrative hearing is "required by law" (Matter of Incorporated Vil. of Valley Stream v State of New York Pub. Serv. Commn., 107 AD2d 856, 857), however, and here it was not. "Since the hearing was mandated by the [collective bargaining] agreement and not by Civil Service Law § 75, the 'substantial evidence' standard of review does not apply and the 'arbitrary and capricious' standard is appropriate * * * Consequently, the proceeding was erroneously transferred to this [C]ourt" (Matter of Marin v Benson, 131 AD2d 100, 103). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Erie County, Rath, Jr., J.) Present—Pine, J. P., Hayes, Hurlbutt, Scudder and Lawton, JJ.

■ Marjoye Tarapczynski, Respondent, v Donna Nesbit, Defendant, Delroy Stutzman, Jr., Respondent, and Nancy Ahrens, Appellant. [722 NYS2d 444] —Order unanimously affirmed with costs for the reasons stated in decision at Supreme Court, Kane, J. (Appeal from Order of Supreme Court, Erie County, Kane, J.—Summary Judgment.) Present—Pine, J. P., Hayes, Hurlbutt, Scudder and Lawton, JJ.