In the Matter of KEVIN REDANZ, Appellant, v CITY OF BUFFALO et al., Respondents. [772 NYS2d 138]—

Appeal from a judgment (denominated order) of the Supreme Court, Erie County (Edward A. Rath, Jr., J.), entered October 31, 2002 in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition to review respondents' determination terminating petitioner from his employment.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law without costs and the petition is granted.

Memorandum: Petitioner, an employee of respondents, was subject to the provisions of a collective bargaining agreement (CBA), pursuant to which he was required to be "a resident" of respondent City of Buffalo (City). The Code of the City Buffalo (Code) requires City employees to be "domiciled resident[s]" of the City and to maintain a "permanent residence" within the City (Code § 35-6 [A]). Petitioner maintained an apartment in the City but also owned a home outside the City where his wife and children resided. Respondents charged petitioner with violating the provisions of the CBA and the Code and pursued

disciplinary action against him. The charge of violating the Code was untimely and was abandoned (*see generally DeFranks v City of Buffalo,* 248 AD2d 992 [1998]).

Following a hearing on the CBA charge, the Hearing Officer concluded that the Code provisions were incorporated into the CBA and that petitioner was in violation of the CBA because he was not a domiciled resident of the City. Petitioner was thereupon terminated from his employment and commenced this CPLR article 78 proceeding challenging his termination. The proceeding was initially transferred to this Court pursuant to CPLR 7804 (g), but we vacated the transfer order and remitted the matter to Supreme Court, Erie County, because the hearing was not required by law and thus a substantial evidence issue was not raised (*Matter of Redanz v City of Buffalo,* 288 AD2d 940, 940 [2001], citing *Matter of Pierino v Brown,* 281 AD 960 [2001]; *see Matter of Marin v Benson,* 131 AD2d 100, 103 [1987]). The court on remittal concluded that the termination of petitioner's employment was neither arbitrary nor capricious, confirmed the determination of the Hearing Officer and dismissed the petition. We reverse.

The determination against petitioner was based solely on the alleged violation of the CBA. The CBA, however, requires only that petitioner be a resident of the City. The evidence at the hearing establishes that, while he may not have been domiciled in the City, petitioner maintained a residence within the City limits. The distinction between domicile and residence is well established. "Residence simply requires bodily presence as an inhabitant in a given place, while domicile requires bodily presence in that place and also an intention to make it one's domicile" (*Matter of Newcomb,* 192 NY 238, 250 [1908]; *see Antone v General Motors Corp.,* 64 NY2d 20, 28 [1984]). The plain and unambiguous language of the CBA requires only that employees be residents of the City; it does not require that they be domiciled residents. The Hearing Officer's determination to incorporate the stricter language of the Code into the CBA was arbitrary and capricious where, as here, there was nothing to indicate that the parties intended to incorporate the Code language into the CBA (*see generally Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck,* 34 NY2d 222, 231 [1974]). Present—Green, J.P., Pine, Wisner and Lawton, JJ.