█ In the Matter of RIDGE ROAD FIRE DISTRICT, Petitioner, v MICHAEL P. SCHIANO, as Hearing Officer Designated Pursuant to the Collective Bargaining Agreement between Ridge Road Fire District and Ridge Road Professional Firefighters Association, IAFF, Local 3794, International Association of Firefighters, AFL-CIO, et al., Respondents. [840 NYS2d 853]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Monroe County [Evelyn Frazee, J.], entered December 4, 2006) to review a determination of respondent Michael P. Schiano, as Hearing Offi-

cer designated pursuant to the collective bargaining agreement between petitioner and respondent Ridge Road Professional Firefighters Association, IAFF, Local 3794, International Association of Firefighters, AFL-CIO. The determination found after a hearing that respondent Kevin Nowack is entitled to benefits pursuant to General Municipal Law § 207-a (1).

It is hereby ordered that said order be and the same hereby is unanimously vacated without costs and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: Respondent Kevin Nowack, a firefighter employed by petitioner, sought benefits pursuant to General Municipal Law § 207-a (1) for injuries that he allegedly sustained during the course of his employment. Petitioner denied Nowack's application on the ground that Nowack's injury was the result of a preexisting condition. Nowack appealed petitioner's determination pursuant to the collective bargaining agreement between petitioner and respondent union, which provided for the appointment of a hearing officer and an evidentiary review of Nowack's application for benefits. Michael P. Schiano (respondent), the Hearing Officer, determined that the denial of Nowack's application was not supported by substantial evidence, and petitioner thereafter commenced this CPLR article 78 proceeding challenging respondent's determination.

Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804 (g) on the ground that the petition raises a substantial evidence issue. That was error. Respondent's determination was not "made as a result of a hearing held, and at which evidence was taken, pursuant to direction by law" (CPLR 7803 [4]). Rather, the determination was the result of a hearing conducted pursuant to the terms of the collective bargaining agreement. Thus, the proceeding should not have been transferred to this Court pursuant to CPLR 7804 (g) (see Matter of Pierino v Brown, 281 AD2d 960 [2001]). We therefore vacate the order transferring the proceeding and remit the matter to Supreme Court for disposition on the merits (see Matter of Butler v Town of Throop, 303 AD2d 976 [2003]; Matter of Pierino v Brown, 281 AD2d 960 [2001]; see also Matter of Redanz v City of Buffalo, 4 AD3d 868, 869 [2004]). Present—Scudder, P.J., Hurlbutt, Lunn, Green and Pine, JJ.