[988 NE2d 499, 965 NYS2d 764]

In the Matter of the Arbitration Between the CITY OF OSWEGO, Appellant, and OSWEGO CITY FIREFIGHTERS ASSOCIATION, LOCAL 2707, Respondent.

Argued February 13, 2013; decided April 2, 2013

## APPEARANCES OF COUNSEL

*Roemer Wallens Gold & Mineaux LLP*, Albany (*Earl T. Redding* of counsel), for appellant.

*Satter & Andrews, LLP*, Syracuse (*Mimi C. Satter* and *Sarah E. Ruhlen* of counsel), for respondent.

*Hinman Straub P.C.*, Albany (*Joseph M. Dougherty* and *Jennie L. Shufelt* of counsel), for New York State Professional Firefighters Association, I.A.F.F., AFL-CIO, amicus curiae.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be reversed, with costs, and the petition to vacate the arbitration award granted.

The Collective Bargaining Agreement between petitioner, the City of Oswego, and respondent, Oswego City Firefighters Association, Local 2707, expired on December 31, 2009. For the

same reasons given in *Matter of City of Yonkers v Yonkers Fire Fighters, Local 628, IAFF, AFL-CIO* (20 NY3d 651 [2013] [decided today]), chapter 504 of the Laws of 2009 (part A, § 8) does not permit the firefighters in this case to retain their noncontributory retirement benefit plan. The arbitration award here required the City of Oswego to provide a benefit that is no longer authorized by law and, in the circumstances, "the final result creates an *explicit* conflict with other laws" and "the strong and well-defined policy considerations" embodied therein (*Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York*, 94 NY2d 321, 327 [1999]; *see* CPLR 7511 [b] [1] [iii]). Consequently, the award must be vacated.

Chief Judge LIPPMAN (dissenting). For the reasons stated in my dissent in *Matter of City of Yonkers v Yonkers Fire Fighters, Local 628, IAFF, AFL-CIO* (20 NY3d 651, 659 [2013] [decided today]), I believe the Collective Bargaining Agreement (CBA) between the City of Oswego (the City) and the Oswego City Firefighters Association (the Union) was "in effect" for purposes of chapter 504 of the Laws of 2009 (part A, § 8) and that arbitration of the present dispute was not prohibited.

Additionally, there is no public policy justification under our precedents to vacate the arbitration award here. There are only limited instances where an arbitration award can be vacated, and the City cannot demonstrate that the arbitrator's award is against public policy. In general, "arbitration is considered so preferable a means of settling labor disputes that it can be said that public policy impels its use" (*Matter of Associated Teachers of Huntington v Board of Educ., Union Free School Dist. No. 3, Town of Huntington*, 33 NY2d 229, 236 [1973]). Moreover, "an arbitrator's rulings, unlike a trial court's, are largely unreviewable" (*Matter of Falzone [New York Cent. Mut. Fire Ins. Co.]*, 15 NY3d 530, 534 [2010]). In *Matter of Kowaleski (New York State Dept. of Correctional Servs.)* (16 NY3d 85, 90 [2010]), we deemed it "well-settled" that an arbitrator exceeds his or her power only if the "award violates a strong public policy, is irrational or clearly exceeds a specifically enumerated limitation on the arbitrator's power" (*id.* [internal quotation marks and citation omitted]; *see also* CPLR 7511 [b] [1] [iii]). We further noted that "[o]utside of these narrowly circumscribed exceptions, courts lack authority to review arbitral decisions, even where an arbitrator has made an error of fact or law" (*Kowaleski*, 16 NY3d at 91 [internal quotation marks omitted]; *see also Matter*

*of Falzone,* 15 NY3d at 534). We determined in *Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York* (94 NY2d 321, 326 [1999]) that

"[a] court cannot examine the merits of an arbitration award and substitute its judgment for that of the arbitrator simply because it believes its interpretation would be the better one. Indeed, even in circumstances where an arbitrator makes errors of law or fact, courts will not assume the role of overseers to conform the award to their sense of justice."

Courts are called, therefore, to exercise restraint in order to preserve the arbitration process and to allow parties to choose a nonjudicial forum to decide their disputes (*Matter of Sprinzen [Nomberg],* 46 NY2d 623, 630 [1979]).

Only the public policy grounds for vacatur are at issue here. The two-prong test for determining whether an arbitration award violates public policy consists of: (1) "where a court can conclude without engaging in any extended fact-finding or legal analysis that a law prohibits, in an absolute sense, the particular matters to be decided by arbitration, an arbitrator cannot act," and (2) "an arbitrator cannot issue an award where the award itself violates a well-defined constitutional, statutory or common law of this State" (*Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y.,* 1 NY3d 72, 80 [2003] [punctuation and citation omitted]).

Here, we cannot say with or without extended legal analysis that the law prohibits arbitration of liability concerning contributions to a public employees' retirement fund. Though Civil Service Law § 201 (4) and Retirement and Social Security Law § 470 prohibit negotiation of retirement benefits, the statutes say nothing about whether grievances regarding contributions to the New York State Policemen's and Firemen's Retirement System are arbitrable.

Nor does the award on its face violate a "well-defined" law of this state. The arbitrator decided that firefighters hired after the effective date of the 2009 retirement law amendment (Retirement and Social Security Law art 22) were permitted to elect a noncontributory plan as enumerated in the CBA and its predecessors dating back to 1993. The Court concludes that the arbitration award must be vacated because the City cannot be obligated to pay the 3% pension contribution on behalf of the

newly hired Oswego firefighters. The majority's rule cannot be described as a "well-defined" law of this state. Public employees have participated in noncontributory pension plans for years and continue to do so under existing CBAs. Only because of today's ruling in *Matter of Yonkers* has that rule changed for certain firefighters. Moreover, the courts have long been called upon to refrain from interference with arbitration, even where the arbitrator has committed an error of law or of fact (*see Matter of Weinrott [Carp]*, 32 NY2d 190, 194 [1973]). Here, at most, even if we were to accept the majority's untenable reading of the statutory language, it would just mean that the arbitrator made a legal error, which is unquestionably not a basis for vacating the award. Since the arbitrator's award does not conflict with a well-defined rule of law, the City cannot meet the high bar of showing that vacatur of the arbitration award is warranted.

Therefore, I respectfully dissent.

Judges GRAFFEO, SMITH and PIGOTT concur; Judge READ concurs in the result; Chief Judge LIPPMAN dissents in an opinion in which Judge RIVERA concurs.

Order reversed, with costs, and the petition to vacate the arbitration award granted, in a memorandum.