Rose, J.
Appeal from a judgment of the Supreme Court (Devine, J.), entered February 23, 2012 in Albany County, which dismissed petitioners’ application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Comptroller finding that certain firefighters were not eligible to participate in a noncontributing special retirement plan.
In 2009, in response to an “unprecedented” fiscal crisis (Governor’s Program Bill Mem No. 213 at 7, Bill Jacket, L 2009, ch 504 at 13, 2009 NY Legis Ann at 314), the Legislature revamped the state’s retirement system and created a new tier 5 requiring all newly hired firefighters, among others, to contribute a portion of their salary to the retirement system (see L 2009, ch 504). The legislation was made effective January 9, 2010 (see L 2009, ch 504, § 1, part A, § 10), but it provided for an exception whereby eligible employees could join a noncontributory special retirement plan available to them pursuant to a collectively bargained agreement that was “in effect on the effective date of this act” (L 2009, ch 504, § 1, part A, § 8).
Petitioner Buffalo Niagara Airport Firefighters Association (hereinafter the Union) represents firefighters who are employed by respondent Niagara Frontier Transportation Authority (hereinafter NFTA). The Union and NFTA had entered into a collective bargaining agreement (hereinafter CBA) that covered the period April 1, 2008 through March 31, 2009 (hereinafter the 2008-2009 CBA) and subsequently executed a successor CBA in August 2010 that retroactively covered the period from April 1, 2009 through March 31, 2013 (hereinafter the 2009-2013 CBA). Both allowed the firefighters to participate in a noncontributory special retirement plan. Respondent Comptroller determined, however, that NFTA’s newly hired firefighters were not eligible for the statutory exception and, thus, unable to enroll in the noncontributory plan because no CBA was in effect on January 9, 2010. Petitioners then commenced this proceeding and Supreme Court upheld the Comptroller’s determination. Petitioners now appeal, contending that the new hires were entitled to participate in the noncontributory plan provided for in the CBAs because either the expired 2008-2009 CBA continued to be “in effect” on January 9, 2010 pursuant to the Triborough Amendment (see Civil Service Law § 209-a [1] [e]) or, in the alternative, the 2009-2013 CBA was retroactively “in effect” on that date.
We affirm. Petitioners’ reliance on the continued effect of the *996 terms of the 2008-2009 CBA is unavailing in light of the recent decisions of the Court of Appeals expressly rejecting the application of the Triborough Amendment to the tier 5 retirement legislation (see Matter of City of Oswego [Oswego City Firefighters Assn., Local 2707], 21 NY3d 880 [2013]; Matter of City of Yonkers v Yonkers Fire Fighters, Local 628, IAFF, AFL-CIO, 20 NY3d 651 [2013]). Accordingly, the expired 2008-2009 CBA cannot be considered to have been “in effect” on January 9, 2010 for the purpose of permitting the new hires to qualify for the statutory exception (see L 2009, ch 504, § 1, part A, § 8).
Nor are we persuaded that the 2009-2013 CBA can be considered to be retroactively “in effect” on January 9, 2010, as it was not executed until seven months later in August 2010. At that time, newly hired firefighters were required by law to contribute to the retirement system (see Retirement and Social Security Law §§ 1201, 1204) and, as a result, the Union and NFTA were prohibited from agreeing to a noncontributory retirement plan (see Civil Service Law § 201 [4]; Retirement and Social Security Law § 470). Moreover, while the Union and NFTA were able to retroactively bind each other to the terms of the 2009-2013 CBA, they were unable to bind third parties such as the Comptroller (see e.g. Wells Fargo Bank, N.A. v Marchione, 69 AD3d 204, 210 [2009]; DeFranks v City of Buffalo, 248 AD2d 992, 993 [1998]; see also Debreceni v Outlet Co., 784 F2d 13, 19 [1986]).
Peters, EJ., Lahtinen and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.