# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**332**

**TP 15-01582**

PRESENT: SMITH, J.P., DEJOSEPH, NEMOYER, TROUTMAN, AND SCUDDER, JJ.

---

IN THE MATTER OF CIVIL SERVICE EMPLOYEES
ASSOCIATION, LOCAL 1000, AFSCME, AFL-CIO,
AND ROBERT STANEK, PETITIONERS,

V                                                    MEMORANDUM AND ORDER

NEW YORK STATE UNIFIED COURT SYSTEM, RESPONDENT.

---

LEVENE, GOULDIN & THOMPSON, LLP, BINGHAMTON (MARGARET J. FOWLER OF
COUNSEL), FOR PETITIONERS.

JOHN W. MCCONNELL, NEW YORK CITY (PEDRO MORALES OF COUNSEL), FOR
RESPONDENT.

---

Proceeding pursuant to CPLR article 78 (transferred to the
Appellate Division of the Supreme Court in the Fourth Judicial
Department by order of the Supreme Court, Onondaga County [Hugh A.
Gilbert, J.], entered September 14, 2015) to review a determination of
respondent.  The determination found petitioner Robert Stanek guilty
of disciplinary charges of misconduct and imposed the penalties of a
letter of reprimand, six months' probation and the loss of five days'
pay.

It is hereby ORDERED that the determination is unanimously
confirmed without costs and the petition is dismissed.

Memorandum:  Petitioners commenced this CPLR article 78
proceeding seeking to annul the determination, made after an
administrative hearing conducted pursuant to a collective bargaining
agreement, suspending Robert Stanek (petitioner) for five days without
pay from his employment as a court security officer, based on his
violation of several departmental regulations.  He also was placed on
probation for a period of six months, and was issued a letter of
reprimand.  Initially, we note that Supreme Court erred in
transferring the proceeding to this Court pursuant to CPLR 7804 (g) on
the ground that the petition raises a substantial evidence issue.
"Respondent's determination was not 'made as a result of a hearing
held, and at which evidence was taken, pursuant to direction by law'
(CPLR 7803 [4]).  Rather, the determination was the result of a
hearing conducted pursuant to the terms of the collective bargaining
agreement" (*Matter of Ridge Rd. Fire Dist. v Schiano*, 41 AD3d 1219,
1220; *see Matter of Thompson v Jefferson County Sheriff John P. Burns*,
118 AD3d 1276, 1276-1277; *see generally Matter of Colton v Berman*, 21
NY2d 322, 329).  Nevertheless, in the interest of judicial economy, we

will retain the matter and consider the petition (*see e.g. Matter W.K.J. Young Group v Zoning Bd. of Appeals of Vil. of Lancaster*, 16 AD3d 1021, 1021; *see also Matter of Marin v Benson*, 131 AD2d 100, 103).

Despite the fact that the petition raises a substantial evidence issue, our review of this administrative determination pursuant to CPLR 7803 (3) is limited to whether the determination was "affected by an error of law or was arbitrary and capricious or an abuse of discretion." A determination "is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts . . . An agency's determination is entitled to great deference . . . and, [i]f the [reviewing] court finds that the determination is supported by a rational basis, it must sustain the determination even if the court concludes that it would have reached a different result than the one reached by the agency" (*Thompson*, 118 AD3d at 1277 [internal quotation marks omitted]; *see Matter of Brockport Student Govt. v State Univ. of N.Y. at Brockport*, 136 AD3d 1418, 1420). "Moreover, an administrative determination regarding discipline will be afforded heightened deference where a law enforcement agency such as [the court security arm of respondent] is concerned" (*Matter of Fortune v State of N.Y., Div. of State Police*, 293 AD2d 154, 157; *see generally Matter of Smeraldo v Rater*, 55 AD3d 1298, 1299). Here, petitioners do not contend that the determination is affected by an error of law and, viewing the administrative record as a whole (*see Matter of Ridge Rd. Fire Dist. v Schiano*, 16 NY3d 494, 499), we conclude that the determination is not arbitrary and capricious, or an abuse of discretion. There is evidence in the record that supports the determination, and that evidence was credited by the Hearing Officer and adopted by respondent in its determination.

We reject petitioners' further contention that the penalties imposed constitute an abuse of discretion. It is well settled that "a penalty must be upheld unless it is 'so disproportionate to the offense as to be shocking to one's sense of fairness,' thus constituting an abuse of discretion as a matter of law" (*Matter of Kelly v Safir*, 96 NY2d 32, 38, *rearg denied* 96 NY2d 854, quoting *Matter of Pell v Board of Educ. of Union Free Sch. Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 237). Based on, inter alia, the " 'higher standard of fitness and character [that] pertains to [law enforcement] officers' " (*Matter of Bassett v Fenton*, 68 AD3d 1385, 1387-1388), coupled with petitioner's refusal to accept any responsibility for his conduct, we conclude that the penalties imposed do not shock one's sense of fairness (*see Matter of Franklin v D'Amico*, 117 AD3d 1432, 1434; *see generally Kelly*, 96 NY2d at 38).

Entered:  April 29, 2016                     Frances E. Cafarell
                                             Clerk of the Court