Matter of Fast Care Med. Diagnostics, PLLC/PV v Government Employees Ins. Co. (2018 NY Slip Op 03831)





Matter of Fast Care Med. Diagnostics, PLLC/PV v Government Employees Ins. Co.


2018 NY Slip Op 03831


Decided on May 30, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 30, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
HECTOR D. LASALLE, JJ.


2015-08967
 (Index No. 703194/15)

[*1]In the Matter of Fast Care Medical Diagnostics, PLLC/PV, respondent-appellant, 
v
Government Employees Ins. Co., appellant-respondent.


Printz & Goldstein, Woodbury, NY (Lawrence J. Chanice of counsel), for appellant-respondent.
Israel Israel & Purdy, LLP, Great Neck, NY (Justin Skaferowsky and Jennifer Howard of counsel), for respondent-appellant.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75, inter alia, to vacate an arbitration award, Government Employees Ins. Co. appeals, and the petitioner cross-appeals, from an order of the Supreme Court, Queens County (Robert J. McDonald, J.), entered August 7, 2015. The order, insofar as appealed from, granted that branch of the petition which was to vacate an arbitration award dated October 10, 2014, and a master arbitration award dated January 16, 2015, and referred the matter to the arbitrator for further proceedings. The order, insofar as cross-appealed from, denied the petitioner's application for an award of an attorney's fee.
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the petitioner.
The petitioner, Fast Care Medical Diagnostics, PLLC, named herein as Fast Care Medical Diagnostics, PLLC/PV (hereinafter Fast Care), provided certain medical services to its assignor, "PV," in connection with injuries purportedly sustained by PV in a motor vehicle accident. At the time of such treatment, PV was 15 years old. PV and his mother executed an assignment of benefits, which assigned all rights and remedies to payment for health care services provided by Fast Care to which PV was entitled under article 51 of the Insurance Law. Fast Care submitted claims for these services to Government Employees Insurance Co. (hereinafter GEICO), for reimbursement of first-party no-fault insurance benefits (see Insurance Law § 5102). GEICO denied the claims on grounds of purported lack of medical necessity.
Fast Care sought arbitration of the dispute. The arbitrator dismissed the proceeding without prejudice, on the ground that Fast Care had failed to comply with CPLR 1209, which provides, in relevant part, that "[a] controversy involving an infant . . . shall not be submitted to arbitration except pursuant to a court order made upon application of the representative of such infant," subject to an exception that is not applicable here. Fast Care appealed to a master arbitrator, who confirmed the determination. The master arbitrator further found that Fast Care lacked [*2]standing, because the parent of the infant patient, rather than the infant himself, was required to execute an assignment of benefits. Fast Care then instituted this proceeding pursuant to CPLR article 75, inter alia, to vacate the arbitration award.
An arbitration award may be vacated if the court finds that the rights of a party were prejudiced by (1) corruption, fraud, or misconduct in procuring the award; (2) partiality of an arbitrator; (3) the arbitrator exceeding his or her power; or (4) the failure to follow the procedures of CPLR article 75 (see CPLR 7511[b]). In addition, an arbitration award may be vacated "if it violates strong public policy, is irrational, or clearly exceeds a specifically enumerated limitation on the arbitrator's power" (Matter of Slocum v Madariaga, 123 AD3d 1046, 1046; see Matter of Kowaleski [New York State Dept. of Correctional Servs.], 16 NY3d 85, 90; Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y., 1 NY3d 72, 79). An arbitration award may also be vacated where it is in " explicit conflict'" with established laws and "the strong and well-defined policy considerations' embodied therein" (Matter of City of Oswego [Oswego City Firefighters Assn., Local 2707], 21 NY3d 880, 882, quoting Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York, 94 NY2d 321, 327 [emphasis omitted]).
We agree with the Supreme Court that the arbitrator's award was irrational and in conflict with CPLR 1209, which applies "only where an infant is a party" to an arbitration proceeding (Goldenberg v Goldenberg, 25 AD2d 670, 670, affd 19 NY2d 759; see Schneider v Schneider, 17 NY2d 123, 127). The infant patient was not a party to the arbitration; rather, Fast Care, as the infant's assignee, was the party that brought the arbitration (see 11 NYCRR 65-3.11[a]). Therefore, we agree with the court that the arbitrator disregarded established law in determining that the requirements of CPLR 1209 applied here (Schneider v Schneider, 17 NY2d at 127; see Goldenberg v Goldenberg, 25 AD2d at 670). Furthermore, the master arbitrator's determination that the assignment of benefits was not effective was not based on any requirement set forth in established law or regulations (see generally 11 NYCRR 65-2.4[c]).
Accordingly, we agree with the Supreme Court's determination to vacate the awards and direct further arbitration proceedings as to the merits of Fast Care's claims (see Matter of City of Oswego [Oswego City Firefighters Assn., Local 2707], 21 NY3d at 882; see also Matter of Local 342 v Town of Huntington, 52 AD3d 720, 721; Matter of Kocsis [New York State Div. of Parole], 41 AD3d 1017, 1020; Matter of Rockland County Bd. of Coop. Educ. Servs. v BOCES Staff Assn., 308 AD2d 452, 454).
Fast Care did not demonstrate its entitlement to an award of an attorney's fee, as the arbitrator did not reach the issue of whether the subject claims were "overdue" (Insurance Law § 5106[a]; see generally Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co., 90 NY2d 274, 278).
BALKIN, J.P., CHAMBERS, AUSTIN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court